<hr/>

# WHEELING.

23   709<br/>e58  240

E. F. & J. B. TANEY *v.* WOODMANSEE *et al.*

Submitted September 20, 1883—Decided March 29, 1884.

1. An appeal will lie to a decree overruling a motion to quash an execution, although the amount in controversy was composed

wholly of costs (one hundred and four dollars and seventy cents) decreed against the defendant. (p. 713.)

2. An execution must substantially agree with the judgment or decree upon which it is issued. (p. 714.)

3. The execution must show in what cause the judgment or decree was entered, and the party in whose favor and against whom the judgment or decree was rendered. (p. 714.)

4. A decree is rendered against A. for four hundred and forty-three dollars and twenty cents and against A. & B. for the costs ; an execution is issued against A. & B. both for the four hundred and forty-three dollars and twenty cents and the costs; such execution should be quashed, as there is no privity whatever between A. & B. as to the four hundred and forty-three dollars and twenty cents decreed against A. (p. 715.)

5. A statute, chapter 57 of the Acts of 1870, authorizes the judge of the municipal court of Wheeling, "when necessary," to appoint a clerk *pro tempore*. In August, 1881, in the absence of the clerk, the said judge appointed a clerk *pro tempore ;* the clerk resumed the discharge of his duties, and afterwards, in October, 1882, in the absence of the clerk, the same person, who had been in 1881 appointed clerk *pro tempore*, assumes again to act as such and issues an execution. The issuing of the executon by him was without authority. (p. 716.)

The opinion of the Court contains a statement of the facts of the case.

*W. P. Hubbard* for appellant.

*Erskine* and *Allison* for appellee.

JOHNSON, PRESIDENT:

On the 2d day of September, 1882, in the chancery case of *Emily F. Taney and James B. Taney, her husband,* v. *Louis Woodmansee and Susannah Lewis* in the municipal court of Wheeling, the following decree was entered : "This cause came on this 2d day of September, A. D. 1882, to be finally heard on the bill and exhibits, the joint answer of the defendants, the replication thereto, the report of Joseph R. Paull, one of the commissioners of this court, the depositions filed with said report and the exceptions heretofore submitted of the defendant, Louis Woodmansee, to said report, and was further argued by counsel. On consideration whereof the

court doth overrule said exceptions, and doth approve and confirm the said report and doth also adjudge, order and decree, that the defendant, Louis Woodmansee, shall pay to the complainant, Emily F. Taney, the sum of four hundred and forty-three dollars and twenty-two·cents with interest from this date; and the court being of opinion that the complainants might have had the questions involved in this cause litigated and determined in the cause in chancery heretofore pending in this court between the parties hereto, doth order, adjudge and decree, that the complainants pay such of the costs of this suit as might have been avoided, had such questions been litigated in said former suit, *and that the defendants pay such of the costs as could not have been so avoided; the clerk shall tax the costs in accordance with this order, subject to the right of either party to move for a re-taxation."* The clerk issued an execution on said decree on the 7th day of September, 1882, fixing such costs against the defendants at one hundred and four dollars and seventy cents. On September 20, 1882, after notice given, Susannah Lewis moved the judge of said court in vacation to quash the said execution, which motion by the said judge was sustained and the execution was quashed. On the 6th day of October, 1882, the following execution was issued on said decree:

"The State of West Virginia.

"To the Sergeant of the City of Wheeling:

"We command you, that of the goods and chattels of Louis Woodmansee, late in your bailiwick, you cause to be made the sum of four hundred and forty-three dollars and twenty-two cents, with legal interest thereon from the 2d day of September, 1882, till payment, which Emily F. Taney late in our municipal court of Wheeling, has recovered against the said Louis Woodmansee by a decree rendered by the municipal court of Wheeling in chancery on the 2d day of September, 1882, in a suit wherein the said Emily F. Taney and James B. Taney, her husband, were plaintiffs, and the said Louis Woodmansee and Susannah Lewis were defendants; and also that of the goods and chattels of the said Louis Woodmansee and Susannah Lewis, you cause to be made the sum of one hundred and four dollars and seventy cents, which in the same court was adjudged against them

for costs in that suit expended, that could not have been avoided had the questions involved in said suit been litigated and determined in the cause mentioned in said decree as 'the cause in chancery heretofore pending in this court between the same parties hereto,' whereof the said Louis Woodmansee and Susannah Lewis were convicted, as appears to us of record; and how you shall have executed this writ make known at the clerk's office of our said court at rules to be held therein on the second Monday in November next.

"Witness James R. Cowden, clerk *pro tempore* of our said court, in the city of Wheeling this 6th day of October, 1882.

"James R. Cowden,

" *Clerk pro tempore.*"

On the 16th day of October, 1882, an order was entered in the cause, that the parties all appeared before the court, and the defendants moved to re-tax the costs in said suit against them, which motion the court overruled.

On the 16th day of October, 1882, a notice by Susannah Lewis to the plaintiffs to quash said execution was served on the plaintiffs. The *first* ground relied upon in said notice was, that one execution was issued on two decrees. The *second* ground was, that the execution does not show to whom the costs were adjudged. The *third* was, that there was nothing in the record, on which to found said execution for costs. The *fourth*, that there was no final decree as to costs when the execution issued. The *fifth*, that the execution does not show in what cause or proceedings such costs were adjudged. The *sixth*, that the execution varies from the decree in that it purports to be for " costs expended," there being no mention in said decree of costs expended. The *seventh*, that said execution was not issued by the clerk of the court but by a person without authority in the premises.

Upon like notice defendant Lewis also moved to quash the levy of said execution, because said levy was on her property not only for one hundred and four dollars and seventy cents costs but for the four hundred and forty-three dollars and twenty-two cents decreed against Lewis Woodmansee.

On the 18th of October the motions to quash said execution and levy were by the court overruled. The order overruling said motions shows on its face, that " Jas. R. Cowden

was by order of this court made August 15, 1881, which order with the oath thereto appended and the bond then given by him as such clerk is made a part of the record, appointed clerk *pro tempore* of the court; that he acted as such until the 15th day of October, 1881, when Thomas M. Darrah, clerk of the court, resumed discharge of the duties of his office, which he continued to discharge until the 23d day of February, 1882; that from the last named day said Cowden acted as clerk *pro tempore* of the court until April 22, 1882, when said Darrah resumed the discharge of his duties as such clerk, which duties he has continued to discharge until the 23d day of September, 1882; that from the last named day until October 7, 1882, the civil side of said municipal court not being in session during that time, and said Clerk Darrah being absent from the city of Wheeling, said Cowden acted as clerk *pro tempore* of said court under the authority of said appointment on August 15, 1881; and that since his appointment on August 15, 1881, said Cowden has not been re-appointed clerk *pro tempore* of the court, but has acted and still continues to act as clerk *pro tempore* under said appointment."

The said order appointing Cowden clerk *pro tempore* is as follows:

"The order heretofore entered on the 7th day of July, 1881, appointing J. E. McKennan deputy clerk for Thomas M. Darrah, clerk of the municipal court of Wheeling, he, the said McKennan, declining to serve, is hereby set aside and annulled; and that James R. Cowden is hereby appointed to act as clerk *pro tempore* of said municipal court of Wheeling."

From the order or decree overruling the motion to quash the execution and the levy the defendant, Susannah Lewis, appealed.

It is here contended, that this appeal will not lie, because the matter in controversy is costs only. It might be a sufficient answer to this, that it appears that the levy was made under the execution upon the goods of Susannah Lewis, which was for the four hundred and forty-three dollars and twenty-two cents against Louis Woodmansee alone, as well as for the one hundred and four dollars and seventy cents which was against both for costs. We do not think the case

of *Harmon* v. *Lynchburg,* 33 Gratt. 37, applies to this case. It was there held that the term "matter in controversy," as used in reference to the jurisdiction of the Court of Appeals, "means the subject of litigation, the matter for which suit is brought and upon which issue is joined." This is not an appeal from the decree in the principal cause but a question independent of it; to decide the question before the Court we cannot examine the old record at all, further than the decree upon which the execution issued. This is as much an independent action, as if the plaintiffs were seeking in an independent suit to subject real property of Susannah Lewis to the payment of the personal decree against her for one hundred and four dollars and seventy cents for costs adjudged against her in a former suit. If that were being done, would it be contended that the amount in controversy was a mere matter of costs, and although the amount was within the jurisdiction of the Appellate Court, that court had no jurisdiction? The meaning of the Constitution is, that where the costs are a mere incident to the suit, no appeal will lie because of an error in decreeing the costs, but it is different where recovery of costs is sought in an independent proceeding.

The question here is: Did the court err in refusing to quash an execution for one hundred and four dollars and seventy cents, which was sought to be enforced against the property of the defendant? It is objected, that the execution does not show, to whom the costs were adjudged, nor in whose favor the execution issued, nor in what cause the costs were adjudged. An execution must show on its face *for* and and against whom it issues; and it must show in what cause it issued. (Freem. on Ex., § 42 and cases cited.) On a motion to quash the execution, unless it appears that it *substantially* follows and agrees with the judgment or decree, on which it issues, it will be quashed. We think that the execution issued in this cause states the cause in which it issued, in whose favor and against whom it issued, and conforms substantially to the decree authorizing it. But the decree does not fix the *amount* of the costs to be paid, and leaves the clerk to tax the amount according to the principles fixed, reserving to the court the right to correct the amount upon a

motion for a re-taxation. The decree does not adjudge all the costs against the defendants; if it had, there would have been no difficulty, because it would have been for the whole amount of the costs, and the clerk according to the usual practice would have taxed the costs and issued the execution accordingly. But the language of the decree is: "And the court being of opinion, that the complainants might have had the questions involved in this cause litigated and determined in the cause in chancery theretofore pending in that court between the parties hereto, doth order, adjudge and decree that the complainants pay such of the costs of this suit, as might have been avoided, had such question been litigated in said former suit, *and that the defendants pay such of the costs as could not have been so avoided;* the clerk shall tax the costs in accordance with the order, subject to the right of either party to move for a re-taxation.

The court imposed upon the clerk an unusual and improper duty, viz: to decide what costs could and what could not have been avoided according to the facts of the case; to decide what questions involved in the case, in which the last decree was entered, could have been litigated in the former suit and what could not. The court under the circumstances should have fixed the amount of the costs, and no execution should have issued, until the amount was so fixed; but as the clerk did tax the costs, and the court on motion for a re-taxation virtually affirmed the taxation made by the clerk by denying the motion, from that time the amount of the costs was fixed by the court; but this error of the court in this cause would not have prejudiced the defendant, Susannah Lewis, if the execution had been issued after said amount had been so fixed and this fact had been recited on the face of the execution.

But it is insisted by defendant, that no execution could issue in this cause against both Louis Woodmansee and Susannah Lewis for the four hundred and forty-three dollars and twenty cents and the one hundred and four dollars and seventy cents costs, as Susannah Lewis had no interest whatever in the debt against Woodmansee, and her property ought not have been subjected to a levy for his debt, and she ought not to be dragged into a controversy, in which she had no

interest. In *B. & O. R. R.* v. *Vanderwarker*, 19 W. Va. 265, it was held, that an execution in the name of one person, which includes two distinct claims decreed to different persons should be quashed. Judge Patton in his opinion, page 273, says: "It is also assigned as error, that the amount decreed to be paid to the receiver and the sum of sixty dollars and twenty-seven cents decreed to be paid to Vanderwarker are included in the one execution. There is no sort of privity between these parties, and the sums are as separate and distinct as if they had been decreed in separate suits and upon different causes of action." It is obvious therefore, that the court erred in refusing to quash the execution on that ground.

Here is an execution in favor of one against two for two distinct and separate amounts, with one of which the defendant, Lewis, had nothing whatever to do. There was no privity between Woodmansee and Lewis as to the four hundred and forty-three dollars and twenty cent debt, and yet the execution issued against Mrs. Lewis for this as well as for the costs. The court clearly erred in not quashing the execution for this fatal defect.

It is also insisted, that the execution was issued without authority by one not authorized, and that it should have been quashed for this reason. Clearly James R. Cowden had no legal authority to issue the execution. At the time the execution issued he was not, as this record shows, clerk *pro tempore* of the municipal court of Wheeling. We would have presumed he was, as the statute authorizes such an appointment, if the record had not disclosed the fact that he was not. *Winans* v. *Winans*, 22 W. Va. 678. The act of the Legislature, chapter 57, Acts of 1870, provides that "The judge of the municipal court of Wheeling is hereby authorized, when necessary, to appoint a clerk for said court, *pro tempore*, and if in his judgment, it be requisite, to require such clerk *pro tempore* to give bond and security with the conditions prescribed by section 6 of chapter 10 of the Code of West Virginia." The plain meaning of this statute is, that *when* in the opinion of the court it was *necessary*, it could appoint a clerk *pro tempore*. But no authority is here given to appoint a clerk, to act at *any time thereafter* in the absence of the clerk. The power to appoint

a clerk *pro tempore*, "when *necessary*," was only "for the time" such necessity existed. The record shows, that he was appointed in 1881 to act in the *absence* of Thos. M. Darrah, the clerk. When Darrah again resumed his place, the necessity for the appointment of the *pro tempore* clerk was gone; and his powers necessarily by the very terms of his appointment ceased. The record shows, that said Cowden was not again appointed clerk *pro tempore*, although several times afterwards he assumed to act as such under his old appointment. Of course said appointment was no authority for these subsequent actions as clerk *pro tempore*. At the time said execution issued J. R. Cowden was not clerk *pro tempore* and had no authority to issue the said execution.

The said decree of the municipal court of Wheeling overruling the motion to quash said execution is reversed with costs to the appellant, and this Court proceeding to render such decree, as the said municipal court of Wheeling should have rendered, the said execution is quashed at the costs of the plaintiffs.

REVERSED.