# CHARLESTON.

SARAH B. HOLDEN v. ELIZABETH BORING.

Submitted June 13, 1902.    Decided November 22, 1902.

1. LIFE TENANCY—*Revivor.*
    On the death of the life tenant of real estate which is let to another for a fixed annual rental, by virtue of section 1, chapter 94, Code, the tenancy is continued until the end of the current year, when it finally ceases to exist, unless it is revived by the attornment of the tenant and the affirmation of the owner who succeeds to the remainder in receiving the yearly rental or otherwise. (p. 38).

2. LIFE TENANCY—*Statutory Provisions.*

     The statute merely preserves the tenancy until the end of the current year, and does not change the date of its beginning or termination, but only avoids the hardships of the unexpected death of the life tenant. (p. 39).

     Error to Circuit Court, Harrison County.

     Action by Sarah B. Holden against Elizabeth Boring. Judgment for plaintiff. Defendant brings error.

                                            *Reversed.*

     JOHN BASSEL and J. W. DAVIS, for plaintiff in error.

     LOUIS C. LAWSON, for defendant in error.

DENT, PRESIDENT:

     By the writ of error of Elizabeth Boring, defendant, to the judgment of the circuit court of Harrison County against her in favor of Sarah B. Holden, plaintiff, the only question presented is the sufficiency of a notice to terminate the tenancy of the defendant.

     The facts are as follows: The defendant rented the property in controversy at an annual rental of one hundred and twenty-five dollars, her term to begin on the 1st day of April, 1890, of W. P. Holden. This tenancy was so continued until the 21st day of October, 1897, when said Holden conveyed the property to Samuel I. Boring during his life, and the remainder in fee simple. to the plaintiff. The same tenancy was continued undisturbed until the 15th day of August, 1898, when the life tenant died. The tenant continued in possession without interruption or new contract until the end of the current year, being the 1st day of April, 1899. She then continued in possession and paid the annual rental according to the account rendered by Mrs. Holden until the 1st day of April, 1900. On the 12th day of May, 1900, Mrs. Holden caused a notice to be served on Mrs. Boring that she would require possession of the property on the 15th day of August, 1900, the monthly date and anniversay of the death of Mr. Boring, which Mrs. Holden claimed to be the current end of the tenancy. Mrs. Boring refused to vacate claiming that the end of the current year of her tenancy was the first day of April, 1901.

Mrs. Holden brought suit for possession and on the trial, the circuit court instructed the jury to find in favor of the contention of Mrs. Holden. The jury did so, and the judgment complained of was entered accordingly.

It is insisted that the death of Mr. Boring on the 15th day of August, 1898, terminated the tenancy to him, and although the law permitted the tenant to remain until the end of the current year, it also created a new tenancy to begin at that date, and that thereafter if Mrs. Boring remained without a new contract, her tenancy by virtue of the legal provisions must begin and end with the 15th day of August, instead of the 1st day of April. The argument on this contention is very ingenious, but it is not tenable. By the death of the landlord, being a tenant for life, at common law the sub-tenancy ceased to exist, as death terminated the estate on which it depended. Out of tender consideration for the tenant, the statute, section 1, chapter 94, Code, changed this rule so as to continue the tenancy until the end of the current year, the tenant paying the rent to those entitled thereto, when the tenancy would be at an end, unless new arrangements were entered into between the tenant and the owner of the property. Hence the tenancy of Mrs. Boring would have ended on the 1st day of April, 1899, and Mrs. Holden could, without further notice, have proceeded to oust her, as Mrs. Boring was not her tenant except by force of law, which fixed the end of the current year for the termination of the tenancy by reason of the death of the life tenant landlord. Had Mrs. Boring afterward remained in the property without any ratification or recognition of her tenancy on the part of Mrs. Holden she would have been a mere tenant at sufferance, liable to be dispossessed without notice. 1 Tuck. Com., 82. But Mrs. Holden not only recognized her tenancy by receiving rents from her, but rendered her a detailed statement of her rents until the 1st day of April, 1900, thereby recognizing and receiving her as her yearly tenant according to her original entry. This she admits by her suit and notice, but claims that the law changed the date of the tenancy from the 1st day of April to the 15th day of August. This the law did not do. It only preserved or continued the original tenancy until the end of the current year after which time it depended entirely on the conduct and arrangement between the parties. If Mrs.

Holden only permitted Mrs. Boring to remain after the end of the current year without in some way receiving her as her tenant, she became a mere tenant at sufferance. If, however, she then recognized her as her tenant and received the annual rental from her, she thereby continued her as her yearly tenant according to her original tenancy, which began on the 1st day of April each year, and Mrs. Boring was entitled to three months' notice of the termination of her tenancy prior to the 1st day of April, the end of her current year. The instruction of the circuit court in favor of Mrs. Holden was therefore erroneous. The instruction should have been in favor of Mrs. Boring.

For this reason the judgment is reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*