# CHARLESTON.

## RICHARDSON v. McCONANGHEY.

Submitted June 16, 1902.    Decided December 20, 1902.

1.  WRIT OF ERROR——*Evidence.*
    A writ of error to a judgment of the circuit court for assigned errors involving the evidence alone, which is not certified or in any manner made part of the record, will be dismissed as improvidently awarded. *Craft* v. *Mann,* 46 W. Va. 478. (p. 373).

Appeal from Circuit Court, Marshall County.

Action by E. P. Richardson against Anna McConanghey. Judgment for defendant, and plaintiff brings error.

*Dismissed.*

HOOTEN & HOOTEN, for plaintiff in error.

J. HOWARD HOLT, for defendant in error.

DENT, PRESIDENT:

E. P. Richardson obtained a writ of error to the judgment of the circuit court of Marshall County, on his suit against Anna McConanghey. All the errors assigned are wholly dependent on the evidence, which is not certified or in any manner made a part of the record, and hence there is nothing on which to found a writ of error. It was therefore improperly allowed. In this State appeals and writs of error do not lie as matters of right, but are only allowed when the court or judge examining the record is satisfied that the case is one proper to be reviewed. Where the record is so defective as to present no error that this Court can review, the writ of error or appeal should be refused, and if by oversight it is awarded or allowed, as soon as the defect is brought to the attention of the court, it should be dismissed *sua sponte* or on motion and thus avoid unnecessary costs and damages to the litigants. This appears to be the general rule. 3 C. Y. C. 182. *Craft* v. *Mann,* 46 W. Va. 478 (33 S. E. 260).

In some cases the practice has been to affirm the judgment. *Griffith* v. *Corrothers,* 42 W. Va. 59 (24 S. E. 569), 3 Cy. C. 188.

It seems to me that the plaintiff in error should not be mulct with the damages of the affirmance of judgment when owing to defects and irregularities in the record this Court is unable to review the case on errors assigned, the writ having been by oversight improperly awarded, but the same should be dismissed.

*Dismissed.*