# CHARLESTON

## Nutter v. Brown.

Submitted June 8, 1905: Decided November 7, 1905.

1. Appeal—*Costs.*

Ordinarily an appeal does not lie from a decree for costs only in a chancery suit; but there are exceptions to the rule, turning on the question of the discretionary power of the trial court, respecting costs. A decree for such costs as are discretionary is not appealable; but one for costs not in the discretion of the court is appealable provided the amount thereof is more than one hundred dollars. (p. 240.)

2.  APPEAL—*Costs.*

   Extraordinary costs, such as allowances of expenses and compensation of receivers, either as between the receiver and the fund in court and parties, or as between party and party, are not discretionary, and a decree respecting such costs is appealable. (p. 247.)

3.  APPEAL—*Costs.*

   Such costs, may in a proper case, be provisionally allowed to the officer out of the fund and ultimately decreed to be paid to the party entitled to the fund by his adversary, but in either case, a decree of such character is appealable.   (p. 248.)

4.  SPECIAL RECEIVER—*Compensation.*

   Mere irregularities in the appointment of a special receiver, acquiesced in by the parties, will neither deprive such receiver of his compensation, nor the successful party of a decree over against his adversary for the amount thereof when it has been allowed out of a fund belonging to the party so prevailing. (p. 250.)

5.  SPECIAL RECEIVER—*Personal Property—Sale Of.*

   When, in a suit in equity, the title to personal property of such character as renders sale thereof necessary for the adequate protection of the rights of the parties interested, is involved, the court in which such suit is pending may properly appoint a receiver to take charge of it and make sale thereof. (p. 251.)

6.  APPEAL—*Costs.*

   When, in such case, one defendant claimed four-fifths of the property in dispute and two others jointly claimed the remaining interest, and the court adjudged the property to belong to the plaintiff and gave the ordinary costs against all the defendants, reserving its judgment as to the extraordinary costs, and afterwards decreed that the defendant who had claimed the four-fifths interest pay the same, the decree as to the extraordinary costs will not be disturbed on appeal, unless the court can see that such defendant has been required to pay more than his due proportion of the entire cost.   (p. 252.)

Appeal from Circuit Court, Harrison County.

   Action by Cordelia Nutter against Beeson H. Brown and others.   Judgment for plaintiff, and defendants appeal.

*Affirmed.*

W. SCOTT and WM. T. GEORGE, for appellants.

E. G. SMITH, E. A. BRANNON, and MILLARD F. SNYDER, for appellee.

POFFENBARGER, JUDGE:

This is a third appeal in the case of *Nutter* v. *Brown*, the history of which may be obtained by reference to 51 W. Va. 598 and 46 S. E. 375, where the dispositions made of the first and second appeals are reported. The decree from which the second appeal was taken directed the special receiver to pay over and deliver the proceeds of the property in controversy to the plaintiff, Cordelia Nutter, and the defendants, C. T. Arnett and J. M. Garrett, in the proportions in which they were entitled, one-half to Cordelia Nutter and one-fourth to each of the other two parties, and required the defendants, Beeson H. Brown, Henry R. Smith and Gertrude Duncan, to pay to the plaintiff, Cordelia Nutter, her costs. But that decree reserved for future adjudication all questions relating to the compensation of the receiver and his costs and expenses, and also the question whether such costs and expenses should be taxed against the defendants as part of the costs in the cause. After the affirmation of said decree by this Court, the receiver filed his report in the court below, showing that he had received on account of the oil $14,052.42, had paid out on account of taxes $404.04, had paid a fee of $25.00 to the attorney of the receiver and retained his commission of five per cent, amounting to $702.62, making a total of $1,127.66, which deducted from the total receipts, left $12,924.76, which he had distributed to the parties entitled under the decree aforesaid; and the court confirmed his report and discharged him. Later, May 28, 1904, Cordelia Nutter, James M. Garrett and C. T. Arnett, out of whose funds said attorney's fee and receiver's compensation had been retained, applied to the court for a decree against Beeson H. Brown, one of the defendants, for said sums as part of their costs in the prosecution of their suit and such decree was entered for the sum of $723.62. From it Brown has obtained the present appeal.

The appeal is resisted on the ground that the decree is for costs only as to which no appeal lies. The appellate jurisdiction of this Court, in cases pecuniary in their nature, is

limited by the Constitution to those in which the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars. Const., Art. VIII., section 3. This expressly excludes the addition of costs to the value or amount in controversy for the purpose of making it more than one hundred dollars. It does not prevent costs, when a subject of independent adjudication, from reaching the appellate court. *Taney* v. *Woodmansee*, 23 W. Va. 709, in which an appeal was entertained from a decree overruling a motion to quash an execution, although the amount in controversy was composed wholly of costs. It only inhibits addition of costs to the matter in controversy on the merits in order to bring the amount up to the jurisdictional point, a sum in excess of one hundred dollars, and has nothing to do with the question whether an appeal from a decree for costs only may be entertained. In this view of the constitutional limitation, my associates do not concur. However, the general rule is, and always has been, both in England and in this country, that, independently, of any constitutional limitation, a decree for costs only is not ordinarily appealable. *Pritchard* v. *Evans*, 31 W. Va. 137; *Long* v. *Perine*, 41 W. Va. 314; *Graham* v. *Bank*, 45 W. Va. 702; *Cowles* v. *Whitman*, 10 Conn. 121; *Smith* v. *Shaffer*, 50 Md. 132; *Lake* v. *Shumate*, 20 S. C. 23; *Temple* v. *Lawson*, 19 Ark. 148; *Howe* v. *Hutchinson*, 105 Ill. 501; *Shields* v. *Bogliolo*, 7 Mo. 136; *Sanborn* v. *Kitredge*, 20 Vt. 632; *Elastic Fabrics Co.* v. *Smith*, 100 U. S. 110; *Wood* v. *Weimar*, 104 U. S. 786; *Russell* v. *Farley*, 105 U. S. 433; *Paper Bag Cases*, 105 U. S. 766; *Trustees* v. *Greenough*, 105 U. S. 527; *Burns* v. *Rosenstein*, 135 U. S. 449; *Dubois* v. *Kirk*, 158 U. S. 58; *Bank* v. *Hunter*, 152 U. S. 675; *Bank* v. *Cannon*, 164 U. S. 319. *Kittredge* v. *Race*, 92 U. S. 116; *Canter* v. *Ins. Co.*, 3 Peters, 307: 3 Eng. Ruling Cas. 243; 5 Enc. Pl. & Pr. 219.

This is true, however, of those cases only in which the awarding of costs is in the discretion of the court below. In refusing to take jurisdiction, the courts all say the reason for declining is that the case is one in which the trial court has discretion to award or refuse costs. In 3 Eng. Ruling Cases, 243, the rule on the subject is stated as follows: "The general rule of the Court of Chancery—which is now

confirmed and made absolute (by the Judicature Act 1873, s. 49) so far as relates to costs which are in the discretion of the Court—that no appeal can be entertained upon a mere question of costs." This is the old rule of equity practice, simply declared or confirmed by statute. The reason given by the authorities in this country, where the judiciary act, governing the present English practice, has no application, is the discretionary power of the court below. "Whether costs shall be decreed by a court of equity, is a question always addressing itself to the discretion of the chancellor, and the authority of an appellate court to correct his decrees is not without doubt." 5 Enc. Pl. & Pr. 218; *Cowles* v. *Whitman; Sanborn* v. *Kittredge; Howe* v. *Hutchinson; Lake* v. *Shumate; Smith* v. *Shaffer; Temple* v. *Lawson,* all cited; *Joslyn* v. *Parlin,* 54 Vt. 670: *Railroad Co.* v. *Bixby,* 57 Vt. 548; *Hastings* v. *Perry,* 20 Vt. 272. The opinion in *Temple* v. *Lawson,* 19 Ark., 148, seems to have been very carefully prepared and makes the clearest and most exhaustive presentation of the authorities to be found among the American decisions, and the conclusion announced is that costs are not always in the discretion of the chancellor, but that such costs as are in his discretion cannot be the subject of appeal. His conclusion is expressed in the following language: "The discretion which we have said resides in the court to award or give costs, must be understood to relate only to those costs in a suit, which are denominated '*general,*' or properly '*costs in the cause,*' and not such as may be said to be *extraordinary,* such as directing the costs of the suit to be paid out of a particular fund, or where the court under special circumstances and a particular state of facts, developed by a proper course of pleading and demanded at the proper time, will direct counsel fees to be paid by a party either generally or out of a particular fund." The principle thus laid down is fully sustained by the English decisons from which the rule in this country was originally deduced, but in the specification of instances it stops short of many of the precedents. The tendency by the courts of this country is to limit, rather than extend, the exception to the general rule. In other words, it is to allow but one exception, namely, a decree for payment of costs out of the fund, on the theory that it is the only exception recognized in

the old English practice.   Thus, Mr. Justice Bradley, in *Trustees* v. *Greenough*, 105 U. S. 527, said:   "But it was held by Lord Cottenham, in *Angell* v. *Davis*, (4 Myl. & Craig, 360,) that when the case is not one of personal costs, in which the court has ordered one party to pay them, but a case in which the court has directed them to be paid out of a particular fund, an appeal lies on the part of those interested in the fund.   Lord Cottenham, indeed, suggested other cases in which an appeal might lie from a decree for costs, as where the costs are part of the specific relief prayed; and where the whole of the facts distinctly appear upon the face of the proceedings themselves, so that it is not necessary, in determining the question, to enter into any investigation of the merits. But these suggestions have not met with subsequent approval; and in the case of *Taylor* v. *Dowlen*, (Law Rep. 4 Chy. App. 697,) the court declared that they were not disposed to extend the case of *Angell* v. *Davis;* and dismissed an appeal brought by parties ordered to pay costs, which they claimed should be payable out of a fund."   In *Taylor* v. *Dowlen*, referred to by Mr. Justice Bradley, as repudiating the suggestion made by Lord Cottenham in *Angell* v. *Davis*, the court said:   "As to another exception, namely, where the facts distinctly appear upon the face of the proceedings, so that the question can be decided without going into the merits, it must be taken to refer to cases where there is some inconsistency in the decree, as there was in *Angell* v. *Davis*, where the costs of a trustee who had committed a breach of trust were given out of the trust fund."   Hence, that decision seems to depend, not alone upon the fact that the costs were decreed out of the trust fund, but also upon the lack of discretion in the court to allow costs to a trustee who had committed a breach of trust, such allowance being contrary to a well settled principle of equity, not a mere rule relating to costs.   In *Taylor* v. *Dowlen*, the appeal was sought by a trustee from a decree requiring him to pay the costs of the suit, and the court refused to entertain it because the act of a chancellor was discretionary.   But a number of illustrations of want of such discretion is found in the English decisions.   In *Taylor* v. *Southgate*, 4 Myl. & C. 203, a decree which involved principles of equity relating to the payment of costs was appealed from on the sole question of costs.

*Chappell* v. *Gregory*, 2 DeG. & J. & S. 111, states the general rule to be that there cannot be a rehearing for costs alone unless some principle is involved in the mode of dealing with them. *Rochester* v. *Lee*, 2 Deg. M. & G. 427; is a case in which the appeal was for costs alone, arising upon two or more trials of an issue out of chancery, and the court entertained it and reversed the decree, because the error of the chancellor appeared upon the face of the record. In Chitty's Equity Index, (4 Ed.) 4481, the rule is stated as follows: "The Court of Appeal refused to inquire into the various causes which may have influenced the decision of the court below in awarding costs, and therefore an appeal for costs will not generally be entertained; but where the judge of the court below placed on record on the face of the decree the reason why he ordered the party to pay the costs, and such reason was founded on the determination of a question of law, the Court of Appeal allowed the question of law to be argued on the appeal that it might determine whether the reason embodied in the decree by the judge below was well founded. *Walker* v. *French*, 21 W. R. 493." The case cited as authority is not found in our library. Where a tenant by *elegit* had received rents and profits beyond the debt, and he was required to account for the excess and costs decreed against him, he was allowed to appeal as to the costs only. *Owen* v. *Griffith*, 1 Ves. 249. A decree for costs against an officer of the Crown is against law, and an appeal from such a decree was allowed in *Lord Advocate* v. *Douglass*, 9 C. L. & F. 173. The right of a trustee to his costs, like that of a mortgagee, is a matter of contract; and is not in the discretion of the judge; although he may be deprived of them for misconduct. Therefore the costs of trustee are not within section 49 of the Judicature Act of 1873, and an appeal lies from a decision, respecting them. *Cotterell* v. *Stratton*, 8 L. R. Ch. 295; *Farrow* v. *Austin*, 18 L. R. Ch. D. 58; *Turner* v. *Hancock*, 20 L. R. Ch. D. 303; *Hill* v. *Spurgeon*, 29 Ch. D. 348. Whether trustees have been guilty of such unreasonable conduct as to deprive them of costs is a question which the Court of Appeal will entertain. *In re Sarah Knight's Will*, 26 Ch. D. 82. Where the jurisdiction of the judge to order costs depends on the existence of a breach of an injunction or misconduct, an

appeal lies against his finding that there has been such breach, although he inflicts costs only.     *Stevens* v. *Railway Co.*, 29 Ch. D. 60; *Witt* v. *Corcoran*, 2 Ch. D. 69.

For the most part, cases in this country illustrating the principle upon which appeals from decrees for costs are entertained are those in which there has been a decree of payment out of a fund in court.    Thus, in *Temple* v. *Lawson*, the plaintiff, in an interpleader suit, had obtained a decree for $200.00 as counsel fees to be taxed as part of his costs and the court, on appeal from that part of the decree alone, reversed the action of the lower court.    In *Trustees* v. *Greenough*, 105 U. S. 528, the appeal was from an allowance of more than sixty thousand dollars to an agent out of a trust fund which had been secured and preserved for the benefit of the parties who were entitled to it by his labor and expenditures. In *Stuart* v. *Bulware*, 133 U. S. 78, an appeal was entertained from a decree allowing a receiver, for his services and counsel fees paid by him, $6,500.00.     In *Grant* v. *Railway Co.*, 116 Cal. 71, an order fixing the compensation of a receiver and taxing it as costs in the action against all the parties and directing him to apply toward its payment the balance of the fund remaining in his hands as such receiver, was held to be appealable, the court saying it was, in legal effect, a final judgment upon a collateral matter, arising out of the action, and appealable by any party interested in the fund.    The same principle had been declared in the case of *Grant* v. *Superior Court*, 106 Cal. 324.    In *Railway Co.* v. *Jones*, 33 Mich. 303, an appeal from a decree refusing compensation was allowed to a receiver.    The decree from which the appeal was taken was affirmed, but the case nevertheless shows an assertion of jurisdiction by the appellate court.    It entertained the case and affirmed the order of the lower court, refusing compensation.

It is perfectly apparent that cases of this class involve something more than discretion.    What is awarded consists not of fees and ordinary court expenses, easily ascertainable by reference to mere rules concerning costs.    It involves judicial investigation and determination.    The allowance to a receiver for his services or to an attorney or agent who has a lien upon a fund in court is to be determined by the value

of his services and the amount of his expenses. His right is a strong equity, analagous to an obligation founded upon an implied contract, and is not dependent upon the mere arbitrary discretion of the court, if his appointment was regular and his conduct has been free from exception, and the ascertainment of the value of his services and the amount of expenses is the exercise of judicial power.    To deny him compensation and expenses from some source would be as unjust and indefensible on principle as to refuse to enforce a contract or to give damages for its breach.    There may be discretion as to the mode of compensation, as to how it shall be paid, and as to the amount, but clearly none as to whether any shall be paid.    Here, another apt English rule, not stated by our courts, but invariably observed by them. sustains this view.    When the conduct of the trustee is brought in question in determining whether any compensation shall be allowed him, and the doubt is resolved in his favor and an allowance made, no appeal can be allowed, for if there was no misconduct the decree is right and if there was the court has discretion to allow him costs.    *Charles* v. *Jones*, 33 Ch. D. 80.    The import of this is that when there is no fault in the trustee, he cannot be deprived of his compensation.    This is illustrative of the view that where the appellate court can see that some principle has been violated in the allowance of costs, the decree is held to be not within the discretion of the court.    Where an action is dismissed for total want of jurisdiction, the decisions say there is no power in the court to decree costs to the defendant.    "Where a circuit court dismisses an appeal for want of jurisdiction, it is without power to decree payment of costs and penalties." *Bank* v. *Cannon*, 164 U. S. 319.    "If there were no jurisdiction there was no power to do anything but to strike the case from the docket.    In that view of the subject the matter was as much *coram non judice* as anything else could be, and the award of costs and execution were consequently void." *Mayor* v. *Cooper*, 6 Wall. 247.    While no case has been found in which an appeal from a decree for costs under such circumstances was taken, it is apprehended that, in such case, the court would have to say such award was not in the discretion of the court below, because violative of law.    And, if in any other case, the record should disclose an error in legal

principle in the awarding of costs an appeal ought to lie. Just at this point, *Hamilton* v. *Du Pre*, 103 Ga. 795, is applicable. The plaintiff in certain proceedings in which a receiver had been appointed had utterly failed on the merits but the trial court had decreed payment of all her costs, including the receiver's expenses and compensation, out of the proceeds of the plaintiff's property in the hands of the receiver, and the Supreme Court held the decree appealable and reversed it, on the ground of an abuse of discretion on the part of the court below, which can only mean that the decree rendered was not a discretionary one. As the reason for immunity from appellate review and control is the discretion vested in the trial court, such immunity must cease when the reason ceases. When costs are not discretionary, an appeal lies. Therefore, it seems clear, that in the statement of the general rule on the subject, by practically all* of our authorities, the exception is ignored, though observed in the exercise of the jurisdiction. Accurately stated it is that no appeal lies from a decree for such costs as are in the discretion of the chancellor. Ordinarily, the costs in equity are in his discretion,

What is here said respecting the want of discretion to disallow compensation to a receiver or trustee, when his title is free from infirmity and his conduct from reproach, and he has performed his duties and accounted for the fund, is not to be taken to mean that the chancellor acts wholly without discretion in such cases. As to the amount of such compensation he is not bound by the strict rules governing contract obligations. It is to be determined upon equitable, not legal, principles. Much latitude is allowed him in the adoption of the rule by which it shall be fixed. It may be by a commission on the amount of the fund, a lump sum or a salary. Many cases say compensation to a receiver is in the sound discretion of the court and, therefore, subject to review. Among them is a decision of this Court in the case of *Crumlish's Adm'r* v. *Railroad Co.*, 40 W. Va. 627, holding as follows: "There is no fixed rule in this state as to the mode of allowing compensation to a special receiver, whether by way of commission or a fixed sum. Usually, when the fund is large, a lump sum is proper. The amount and mode of allowance are within the sound discretion of the court,

under the circumstances of the particular case, subject to review on appeal." In the same case the Court comes to the same conclusion as to the allowance to a receiver of counsel fees. The principle adopted and applied in that case fully sustains the position here taken as to the discretionary power of the court in such cases. It denies to the trial court the arbitrary discretion allowed in the case of ordinary costs by saying the allowance is in all such cases subject to review. In that case the parties obtained in this Court, upon other grounds than a decree for costs, a *locus standi*, and so much of the decree as related to costs and allowances came up incidentally. In other words, it was not an appeal from a decree for costs only, but the principles, applied in the disposition of the questions relating to costs, clearly deny to the trial court that broad discretion, from the exercise of which there is no appeal, and make it clear that, in such cases, an appeal may be entertained. The uniform practice of giving the parties a hearing in fixing the amount of compensation and expenses sustains the view that it is a collateral, rather than an incidental, exercise of judicial power, and the freedom with which appeals, respecting such allowances, are allowed, speak louder as to the nature of the function than the casual observations made by the courts in disposing of the questions raised.

As to the power of the court to decree the extraordinary costs in favor of one party against another, not the ordinary costs usually incident to litigation, and the basis of its exercise, but little authority has been found. Practically all the cases reported deal with the propriety of the allowance to the receiver, trustee, or agent, out of the fund. As to these parties, as has been indicated, there is little room for the exercise of discretion, such as to prevent appellate review. The appellate courts deal with them freely. Some observations made in *Cutter* v. *Pollock*, 4 N. Dak. 205, 25 L. R. A. 377, are to the effect that a decree of such costs from one party to another may be made, but it may be doubted whether what is said there is to be considered as an adjudication, since the decree was reversed because the court failed to adjudicate anything in respect to such costs. The language referred to is as follows: "If the receiver is allowed to pay, and reimburse himself out of the moneys in

his hands, the decree should provide whether the owner of such moneys shall be indemnified by the recovery of judgment against some other party to the case for this invasion of his property. Ordinarily, it would seem to us (but we do not decide the point) that the receiver should be protected by being permitted to look to the funds in his hands to save him against loss. This appears to have been done in this case. Such rule may, however, work great hardship in particular cases; and in some instances the receiver has, on this account, been compelled to look for indemnity to the party at whose instance he was appointed. See *Weston* v. *Watts*, 45 Hun. 219; *French* v. *Gifford*, 31 Iowa, 428; *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige 438, 2nd L. Ed. 979. Certainly, if the court, in such case, allows him to pay himself out of the funds, it should compel the other party to the action to make good the loss thus occasioned to the successful litigant. It is impossible for a court to make an intelligent decree when property is in the hands of a receiver, and is to be disposed of by the decree, without settling in advance the rights of the receiver with respect to compensation and expenditures, and whether he shall be allowed to pay himself out of the funds in his hand."

Concerning provisional allowance out of the fund, 2 Daniel's Chy. Pr. p. 1410, says: "Where a party is entitled to his costs, but it has not been decided who ought ultimately to bear them, payment is often directed to be made out of a fund in Court, or by one of the parties to the proceedings, 'without prejudice to the question how the same are ultimately to be borne.' The absence, however, of these words, or words of a like meaning, from an order directing payment of costs out of a fund in Court, does not necessarily imply that the Court has decided that the fund out of which the costs are paid is that which must ultimately bear them; and costs paid out of a fund, under an order from which those words are omitted, may be directed to be recouped out of another fund which is primarily liable for that purpose." The substance of this is that the court may make a provisional allowance out of the fund without losing its power to place the burden ultimately upon the party who ought to bear it. It affords no certain indication as to

whether the power to award costs between parties or between one fund and another, which is substantially the same thing as between party and party, is so far within the discretion of the chancellor as to preclude review; and, if so, whether such discretion extends to all costs.

Abundant authority sustains the position that, under circumstances making it just and equitable to do so, the compensation of the receiver may be decreed against the plaintiff. In *French* v. *Gifford*, 31 Iowa 428, the appellate court, modifying the decree of the lower court, gave the receiver by way of compensation one thousand dollars out of the fund and a decree against the plaintiff for two thousand dollars, the balance of his compensation. In *Radford* v. *Folsom*, 55 Ia. 276, the defendants demanded that two-thirds of the receiver's compensation be charged to the plaintiff, and the court, admitting the power to do so under proper circumstances upon an examination of the record, held that the circumstances were not such as to make it equitable to do so. In *Cutter* v. *Pollock*, 7 N. Dak. 631, on the second appeal, the court affirmed a decree in favor of the defendants against the plaintiff for three-fifths of the amount which the receiver had retained out of the funds which had been adjudged to belong to the defendants, the receiver having been appointed at the instance of the plaintiffs, who had failed at the hearing on the merits. In *Cassidy* v. *Harrelson*, 1 Colo. App. 458, the court held as follows: "A receiver having been appointed by the court on application of the intervenors in a cause wherein they were not entitled to intervene, the costs incident to the appointment were properly adjudged against them." In *Higley* v. *Deane*, 64 Ill. App. 389, the court held that "Where a party, without probable cause, obtains the appointment of a receiver, he should be made to pay the entire expense thus by him created," and the decision was affirmed in 168 Ill. 266. In *Kerr* v. *Hill*, 27 W. Va. 576, 616 the receiver's compensation and expenses were allowed out of the fund, to the prejudice of the defendants who were subsequent lienors entitled to the surplus, although the appointment was illegal, because without notice, and made at the instance of the plaintiff. In *French* v. *Gifford*, cited, the court said: "In cases like the one under consideration, we may attach the costs to one or either

of the parties, or apportion them.'' What principle, respecting the nature of the power to decree such costs as between parties, is deducible from these or other precedents cited? Has the chancellor irreviewable discretion? The many instances in which appeals have been entertained from decrees for such costs, turning on the sole question of who should pay them, answer the question in the negative. Although costs, when ascertained and fixed as to amount, they are not costs in the discretion of the chancellor. The title to such costs, as between parties must be determined judicially upon equitable principles, else there is, in the language of the American authorities, an abuse of discretion, or, in the language of the English authorities, a lack of discretion to award them. In such cases, therefore, an appeal lies.

The decree appealed from gives costs to the prevailing party, in the absence of any attempt, on the part of the defendant, to show any reason why the general rule should be varied or departed from. The litigation was occasioned by an act of fraud on his part in the procurement of the deed which made it necessary for the plaintiff to bring this suit in order to obtain what belonged to her. The case is not one involving the administration of a fund, such as a trust estate, a decedent's estate, an estate of an insolvent person or corporation, in which both plaintiff and defendant have an interest and out of which the costs must be taken, for the reason that they cannot be obtained from any other source. The controversy was one over the title to property. There was no middle ground, no community of interest. The whole fund belonged to one or the other. Upon obtaining it, the prevailing party was entitled to have along with it the necessary costs of the prosecution of the suit. No reason is perceived why, under such circumstances, any necessary costs of the litigation should be paid out of the property or funds of the successful party. The appointment of the receiver was without notice, it is true, but the defendants acquiesced in it by their failure to move for his discharge, and had they procured his discharge on such ground, he would have been immediately re-appointed, if the case was such in its nature and circumstances as to warrant the appointment of a receiver. The property he was to receive

was not real estate or the rents, issues and profits thereof, but personal property, and, in such case, the statute does not forbid the appointment of a receiver in vacation without notice and such appointment is voidable only, not void. High on Receivers, section 111 *et seq.* The defendants recognized the authority of the receiver, moved for an increased bond, acquiesced in his appointment by not asking for his discharge. Failure to give notice cannot afford any ground for withholding costs, for it was a mere irregularity which has been waived. "No one, whether a party to the suit or not, who has recognized the authority of a receiver in any way, can attack the validity of the order appointing him for mere irregularities." 17 Ency. Pl. & Pr. 757, citing many authorities.

The ability of the defendants to make restitution of the value of the property is advanced as a substantial reason why no receiver should have been appointed. In many cases insolvency of the defendant must be alleged, but they are usually cases in which questions of title are not involved. Here, title alone is the bone of contention. It was not a claim for money, but to the title to oil, the royalty oil, and the bill alleged that the defendant's claim thereto was founded upon an act of fraud. It further appeared that, for the full and adequate protection of plaintiff's interest, the oil should be sold at such times, during the pendency of the suit, as the market might be favorable, and the discretion to say when such sales should be made should not be left to her adversaries. Our statutes and our decisions import that the title and rightful control of property must be adequately protected, and discountenance the view that no injury results, if the owner may obtain its value in damages. The courts should protect his property from misappropriation and preserve his title to it so that he may use, retain or sell it, and determine the time of sale, purchaser, terms and the price, and when legal remedies are inadequate for such protection, equity supplies the defect. *Peterson* v. *Hall*, 50 S. E. 603; dissenting opinion in *Zinn* v. *Zinn*, 54 W. Va. 483. An injunction may be awarded to protect any plaintiff in a suit for specific property, pending either at law or in equity, against injury from the sale, removal or concealment of such property. Code of 1899, chapter 133, section 1.

The same chapter, at section 28, provides for the appointment of a receiver in any proper case pending in a court of equity in which the property of a corporation, firm or person is involved, and .there is danger of the loss or misappropriation of the same or a material part thereof. Both remedies are extraordinary and seem to be given for substantially the same purposes. Our opinion, therefore, is that there was not such want of cause as made the appointment useless and unjustifiable.

One other contention must be disposed of. Henry R. Smith and Gertrude Duncan were co-defendants of Brown, and resisted the demand for the plaintiff, by their joint answer and by uniting in the second appeal. They claimed a one-fifth interest in the royalty oil. Though they were not parties to the original transaction under which Brown claimed, and subsequently obtained their interest from, or through, him, they claimed the benefit of his act. But the former decree gave general costs against all three, whereby these claimants of one-fifth interest were made to pay two-thirds of · said costs. The undue proportion thereof may, for aught that can be ascertained from the record, amount to one-fifth of the extraordinary costs. We have no taxation of it. In view of this, we see no reason for disturbing the decree and it will, therefore, be affirmed.

*Affirmed.*

BRANNON, PRESIDENT, (*dissenting*):

I cannot see that Brown should pay the receiver's compensation. The general rule is that such compensation is paid out of the fund. *Elk Fork Co.* v. *Foster*, 99 Fed. 495; *Kerr* v. *Hill*, 27 W. Va. 616. There is no need of this large extra expenditure, because there is no danger of loss or suggestion of insolvency. It was only a conflict of title to oil. *Freer* v. *Davis*, 52 W. Va. 37. If the plaintiff, having no legal ground for a receiver, chose to ask one, she should pay for his services.

There was no emergency calling for the appointment of a receiver without notice. Notice is required before receiver can be appointed in vacation. *Batson* v. *Findley*, 52 W. Va. 343; *Ruffner* v. *Mair*, 33 *Id.* 655; Smith on Re-

ceivers, 14.   But that was error only, and did not make the
appointment void, so as to refuse commission.    Alderson on
Receivers, 157, 168.   But can we not consider the fact that
notice was not given, and that there was no need of a re-
ceiver, in exercising discretion as to piling the costs on
Brown?   Though the appointment was reversible for want of
notice and good ground, we cannot reverse it, because appeal
from that order is barred.

I do not think there can be an appeal or writ of error
resting alone on error as to costs.    The Constitution, Art.
8, section 3, excludes costs, both as to sole ground of appeal
or as going to make up the sum for appeal.    But what are
costs under that clause?    I think it means general costs,
taxable under the statute, not special or extraordinary allow-
ances, such as pay of a receiver.    I think appeal lies as
to such allowances.    *Cramford* v. *Fickey*, 41 W. Va.
544, (23 S. E. 662.)    My reason is that they are not "costs"
under said clause.    Therefore, an appeal lies in this
case.