# CHARLESTON

LAMBERT v. CITY OF GALLIPOLIS.

Submitted February 4, 1908.    Decided March 17, 1908.

1.  WRIT OF ERROR—*Affirmance—Defective Record.*
    A case in which the judgment is affirmed for want of identification in the record of necessary bills of exceptions.    (p. 107.)

Error to Circuit Court, Mason County.

Action by Willie A. Lambert against the city of Gallipolis. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

RANKIN WILEY, for plaintiff in error.

JOHN E. BELLER, for defendant in error.

McWHORTER, JUDGE:

This was an action of ejectment brought in the circuit court of Mason county at April rules, 1901, by Willie A. Lambert against the city of Gallipolis, Ohio, to recover possession of a certain tract of land known as Gallipolis Island, in said county. On the 16th day of May, 1902, the defendant by counsel appeared specially for the purpose of moving to quash the service and return of the declaration and notice therein which motion was overruled and the defendant excepted; and on the same day, on motion of the defendant, the judgment entered at rules was set aside and the defendant demurred to plaintiff's declaration and notice, which motion was also overruled and the defendant excepted. The defendant pleaded not guilty and issue was joined, and on motion of the defendant the County Surveyor was ordered to go upon said land and do such surveying as either party might require and to make his report to the court. On the 17th day of June, 1905, the case was tried before a jury and a verdict was returned for the plaintiff. The defendant, by counsel, moved the court to set aside the verdict and grant a new trial, which motion was overruled and the defendant excepted. The court then rendered judgment that the plaintiff recover of the defendant the possession of the land in fee simple as ascertained by the jury and for costs. During the progress of the

trial the defendant took several exceptions to the rulings of the court and obtained from this Court a writ of error and *supersedeas*, assigning several errors.

The overruling of the demurrer to the declaration is assigned as error. No defect in the declaration is pointed out and it seems to be in good form and the demurrer was properly overruled.

The record shows that five several bills of exceptions to the rulings and opinions of the court were taken by the defendant during the course of the trial and that leave was given defendant to prepare formal bills of exceptions within thirty days from the adjournment of the court. There are copied into the record what purports to be five bills of exceptions stating in each of said bills that the defendant excepted to the ruling of the court, and each bill of exceptions closes as follows: "And in order that the benefit of its exception may be saved to it, prays that this its bill of exception may be signed, sealed and saved to it and made a part of the record in this case, and the same is accordingly done this 12th day of July, 1905, within thirty days from the adjournment of the June term 1905, in the circuit court of Mason county, West Virginia," and signed by the judge of the said circuit court; but there was made no entry on the records of the court filing and identifying said bills or any of them. In *Pegram* v. *Stortz*, 31 W. Va. 220, 6 S. E. 485, it is held: " Where the clerk who certifies a record to which a writ of error and *supersedeas* have been awarded, copies into it as a part of the record a bill of exceptions marked 'No. 2,' which is apparently signed and sealed by the circuit court judge presiding at the trial, but no reference whatever is made to this bill of exceptions by any entry on the record-book, though there was on the record-book an entry that, on the trial of the case, one of the parties took a bill of exceptions marked 'Bill of exceptions No. 1,' which was signed, sealed, and saved to him, and made a part of the record, the appellate court will not regard this bill of exceptions, marked 'No. 2,' so inserted in the copy of the record by the clerk, as constituting any part of the record of the case."

And in *Winters* v. *Null*, 31 W. Va. 450, it is held: "A paper purporting to be a bill of exceptions, and copied into

the record as such, will not be regarded or treated by the appellate court as a part of the record, unless the record shows that it was by some order or memorandum entered on the order-book of the trial-court made a part of the record." 3 Cyc. 97. See also *Oil Producers Manufacturing. & Supply Company* v. *Irwin*, decided at this term.

The errors relied upon to reverse the judgment are based upon the rulings set out in said bills of exceptions which are not made a part of the record, and the judgment will have to be affirmed.

*Affirmed.*