# CHARLESTON.

## SPINDLER *v.* HAMILTON.

### Submitted September 14, 1910. Decided January 31, 1912.

1. APPEAL AND ERROR—*Dismissal—Insufficiency of Record.*

    Submission of a case in the appellate court does not bar a motion to dismiss it for lack of bills of exception necessary to bring into the record the subject matter of the assignments of error. (p. 263).

2. SAME—*Dismissal.*

    On discovery of such defect after submission, the court will dismiss the writ of error *sua sponte,* as having been improvidently awarded. (p. 263).

Error to Circuit Court, Ohio County.

Action by William Spindler against A. M. Hamilton. Judgment for plaintiff and defendant brings error.

*Dismissed.*

*Hubbard* and *Hubbard,* for plaintiff in error.

*James W. Ewing,* for defendant in error.

POFFENBARGER, JUDGE:

The order, adjourning the term of court at which the judgment in this action was rendered, brought up by a writ of *certiorari,* at the instance of the defendant in error, proves the adjournment to have occurred more than thirty days before the bill of exceptions, containing the evidence and rulings complained of, was allowed and signed; and the assignments of error relate solely to matters not apparent upon the record otherwise than as shown by the alleged bill of exceptions. Hence, if this paper is no part of the record, the assignments of error fail for lack of foundation therein.

The aplication for the writ of *certiorari* to bring up the adjourning order was resisted on the ground of waiver by submission of the case, without a motion to dismiss; but the objection was overruled and the writ awarded. This ruling and the dismissal now inevitable, the papers relied upon as a bill of exceptions having been obtained too late, are justified by numerous precedents of dismissal *sua sponte* on discovery, after submission, of lack of bills of exception necessary to bring into the record the subject matter of the assignments of error; among which are *Richardson* v. *McConanghey,* 52 W. Va. 372, *Craft* v. *Mann,* 46 W. Va. 478; *Griffith* v. *Corrothers,* 42 W. Va. 59; *Dudley* v. *Barrett,* 58 W. Va. 235.

As to the form of the order of this Court, under the circumstances, here disclosed, our decisions are in conflict. In some instances, the judgments have been affirmed, *Lambert* v. *Gallipolis,* 64 W. Va. 105, *Dudley* v. *Barrett,* 58 W. Va. 235, *Mc Kendree* v. *Shelton,* 51 W. Va. 516, and, in others, the writs have been dismissed as having been improvidently awarded, *Richardson* v. *McConanghey,* 52 W. Va. 372, and *Craft* v. *Mann,* 46 W. Va. 478. As this Court finds, on its examination of the record, no question it can decide has been raised, we

think the case is analogous to those in which there is no juris-diction and those in which jurisdiction has failed and so falls under the latter rule. In reality, the judgment has not been im-peached and is not reviewed in disposing of the writ. The order will be one of dismissal of the writ as having been im-providently awarded.

*Dismissed.*

Note by BRANNON, PRESIDENT:

In my opinion the judgment of this Court should be one of affirmance, with the usual damages and costs, not a dismissal without damages and costs. The writ of error is not without jurisdiction. It brought the case into this Court to be dis-posed of on its record. It was submitted, not on any motion, but for decision. The defendant was compelled to defend, and now because his adversary's bill of exceptions was made too late he is denied damages and costs. The fixed rule is that a judg-ment is free of error, unless error is shown. Error not appear-ing that presumption rules. *Todd and Smith* v. *Gates,* 20 W. Va. 464; *Griffith* v. *Corrothers,* 42 W. Va. 59; *Dudley* v. *Bar-rett,* 58 W. Va. 237; *Furbee* v. *Shay,* 46 W. Va. 736. Code of 1906, ch. 135, sec. 26 expressly requires this Court, if no error appears, to affirm. If our cases are not harmonious, we should follow the statute. The defendant in error has by another statute right to damages and costs. It is a property right under code, ch. 135, § 27.

Judge MILLER concurs in this note.