*In re* STONEBRIDGE.

*(Supreme Court, General Term, First Department.* March 13, 1891.)

1. RECEIVERS FOR INSOLVENT CORPORATIONS—APPOINTMENT.
    In an action for sequestration of the property of a corporation after return of execution unsatisfied, a receiver was appointed temporarily, without the notice to the attorney general required by Laws N. Y. 1883, c. 378, § 8, to be given of all motions or other applications in any action for the dissolution of a corporation or a distribution of its assets; but by the final judgment in the action, notice of the application for which was duly served on the attorney general, the same receiver was continued as the permanent receiver. *Held,* that this appointment, legally made, vested the appointee with all the rights of his office, although the appointment during the pendency of the action was illegal and void.

2. INSOLVENT CORPORATIONS — CONCEALMENT OF ASSETS — EXAMINATION — CONSTITUTIONAL LAW.
    Rev. St. N. Y. pt. 2, c. 5, tit. 1, art. 8, § 12, which provides for the issue of a warrant to bring before the proper officer or judge, for examination, any person who there is good reason to believe has embezzled or concealed part of the estate of an insolvent, or any person that can testify concerning the concealment or embezzlement thereof, is not in conflict with the constitution of the state; and, as applied to an insolvent corporation, the authority given is proper to render more effectual the proceedings which may be taken by a receiver to sue for and recover its property.

3. SAME—EXAMINATION OF PRESIDENT.
    On an application by the receiver of a corporation for such a warrant for the examination of the president of the company, it was shown that the latter had made reports and statements, early in 1888, and as late as June of that year, that the company had property more than sufficient to pay its debts; that in September, 1888, an execution against it was returned unsatisfied, after making only a small sum thereon; that the receiver had been able to obtain no property other than the books of the company; that the books showed that considerable transfers of its property had been made before the issue of such execution, in making which transfers the president was an active participant, and that some of them were for the benefit of another company, with which he was identified. *Held,* that these facts were sufficient to justify the issue of the warrant, and that their existence could not be controverted or overcome by the affidavit of the president, or of others on his behalf, in explanation of what had been done with the property of the company, as the receiver was entitled to his oral examination on that subject.

4. SAME.
    The fact that the receiver had availed himself of the assistance of the counsel for the creditor in whose suit he was appointed, being a mere irregularity, furnished no legal reason for denying the warrant, or setting it aside after it had been issued.

Appeals from special term, New York county.

Application of George H. Stonebridge, Jr., as receiver of the New York Book Company, for a warrant for the examination of John B. Alden in regard to the property of the company. Said Alden appeals from an order directing the warrant to issue, and from an order denying his motion to set aside the warrant. See former decisions, 6 N. Y. Supp. 311, and 10 N. Y. Supp. 727. Laws N. Y. 1883, c. 378, § 8, provides: "A copy of all motions, and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action or proceeding now pending for the dissolution of a corporation or a distribution of its assets, or which shall hereafter be commenced for such purpose, shall, in all cases, be served on the attorney general, * * * and any order or judgment granted in any action or proceeding aforesaid, without such service of such papers upon the attorney general, shall be void."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Dill, Chandler & Seymour,* for appellant. *Straley, Hasbrouck & Schloeder,* (*Charles E. Hughes,* of counsel,) for respondent.

DANIELS, J. The warrant has been directed to issue on the application of the receiver of the New York Book Company, appointed at the suit of a judgment creditor of the corporation, after the return of an execution unsatisfied, issued against its property. The objection has been taken that the receiver

has not been legally appointed for want of compliance with section 8, of chapter 378 of the Laws of 1883, and to remove the objection it must appear that this part of that act has been complied with. *Whitney* v. *Railroad Co.*, 32 Hun, 164. The receiver was first appointed temporarily during the pendency of the action brought against the corporation after the return of the execution unsatisfied; and in the proceedings to obtain that appointment there was a failure to give notice to the attorney general, and also to serve a copy of the proposed order upon him, which rendered the appointment void, under the language of this section of the act of 1883. But the present proceeding does not test or depend upon that appointment of the receiver; for the action afterwards proceeded to judgment, and a copy of the proposed judgment was served upon the attorney general, with notice of the application for it, and he admitted due and timely service thereof; and it was pursuant thereto that the final judgment was afterwards directed and entered, and in that judgment it was adjudged "that George H. Stonebridge, Jr., heretofore appointed receiver of the said corporation, is hereby continued as the permanent receiver thereof, with the usual powers and duties, and vested with all the rights and powers of receivers in like cases; and said receiver is hereby directed and empowered to collect and receive the debts, demands, and other property of the said corporation; to preserve the property, and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; to collect, receive, and preserve the proceeds thereof; and to maintain any action or special proceedings for either of those purposes." And after that he took the oath of office, and filed the bond required to complete and perfect the appointment; and these facts set forth in the petition for the warrant have not been denied in the answer of the appellant. This appointment was legally and regularly made, and vested the appointee with all the rights and authority of his office, although the appointment during the pendency of the action was illegally made. He was therefore authorized to institute these proceedings, inasmuch as the notice required to be given and published was in course of actual publication before they were commenced. After the first publication of that notice, it has been provided that all the provisions of law in respect to trustees of insolvent debtors, the collection and preservation of their property, the concealment and discovery thereof, and the means of enforcing that discovery shall be applicable to the receiver so appointed, (3 Rev. St., 6th Ed., p. 754, § 87;) and that first publication had been made of the statutory notice prior to the application for this warrant. It has been, however, objected that the statute in this manner referred to, and providing for this proceeding, is in conflict with the constitution of this state. But upon that subject no doubt was entertained when this mode of proceeding was before this court, and the decision was made upon it, which has been reported as *In re Stonebridge*, 6 N. Y. Supp. 311. It may be further added to what was then said that this legislation does not transcend the bounds of that which has been otherwise and since enacted; for a similar examination may be directed of a defendant in an action to obtain information to frame a complaint, (*O'Reilly* v. *Telegraph Co.*, 12 Hun, 124; *Glenney* v. *Stedwell*, 64 N. Y. 120;) and in the course of the proceedings in an action to discover the property and effects of a corporation, (3 Rev. St., 6th Ed., p. 751, § 65; Code Civil Proc. § 1805;) and it has invariably been enforced without question as to the constitutional power of the legislature to enact and provide it.

By the provisions in this manner referred to, and made applicable to the receiver, he has been empowered, certainly after the first publication of the notice, to sue for and recover the property and effects of the debtor corporation, and the debts due to it, and also to do that at any time before the day appointed by the notice, for the delivery or payment thereof. 3 Rev. St. (6th Ed.) p. 38, § 12. And it is to render the proceedings which may be taken

for that end more effectual that the authority has been provided to examine on oath any person whom there may be good reason to believe has concealed property of the corporation, or that can testify concerning the same, (Id. § 14,) and this proceeding has been taken under that authority.    To sustain it, the section has made it necessary that the receiver shall show by his own oath, or other competent proof, that there is good reason to believe that the person proposed to be examined has concealed or embezzled some part of the estate of the corporation, or can testify concerning such concealment; and the receiver, by his own oath and the oaths of other persons, has endeavored to establish these facts to the legal satisfaction of the justice who was applied to for and who issued this warrant; and for that object he has transcribed reports and statements made by the appellant to the effect that early in 1888 this corporation had more property than would be required to pay its debts and liquidate its obligations to its stockholders for their investments in its stock.    On the 2d of June, 1888, in a letter to Trow's Printing & Bookbinding Company, he stated that "the New York Book Company has  *  *  * an abundance of property to pay its debts in full;" and, in an affidavit made by him still later in the same month, he stated "that the company still has large assets, and which deponent believes are largely in excess of its just indebtedness."    He was the president of the company, and from his personal connection with its affairs may be presumed to have been well acquainted with its financial and proprietary condition; and yet, before the middle of the next September, an execution upon the judgment upon which the action was commenced for the sequestration and distribution of the property of the corporation was returned unsatisfied, after making under the same no more than the sum of $221.33; and other judgments have also been recovered against the company which remain unsatisfied.    The receiver has shown that he has been unable to obtain any more in the way of property than the books of the company, from which it appears that considerable transfers of its property had been made prior to the issuing of the execution upon the creditors' judgment; and from the proceedings, an account of which has been transcribed into the papers, it appears that the appellant was an active participant in making such transfers, some of which were for the benefit of another corporation founded under the laws of the state of New Jersey, and called the "Alden Publishing Company," with which the appellant seems to have been identified in feeling or interest.    These facts, which have been reasonably well established in the manner required by the statute, supplied ample evidence that the appellant had either concealed, or could testify concerning the concealment of, the property of the New York Book Company, and justified the justice in issuing the warrant for his production and examination.    And their existence could not regularly be controverted or overcome by his own affidavit, or of others produced in his behalf, endeavoring to explain what had been done with the property of this company.    It had disappeared after he stated it to be ample to meet all the obligations of the company, and was effectually concealed from the receiver; and he was entitled, not to the affidavit of the appellant, but to his oral examination to discover the existence, as well as the manner in which this property had been taken from the possession of the company.    The practice in this respect is the same in all other proceedings provided for the discovery of the debtor's property by the creditors, or the receiver representing them, and that is by an oral examination of the parties and the witnesses; and in no case is that denied because the party or the witness may present his affidavit denying the existence of knowledge concerning the facts expected to be discovered.    The justice, therefore, who issued the warrant,—and, it may be added, for the reasons assigned in the appeal already decided and reported, who had ample authority to issue it,—was not only right in issuing it, but also in the denial of the motion to vacate it afterwards; and the fact, if it had been satisfactorily shown, that the receiver had availed himself of the assistance of the counsel

for the creditor in whose suit he was appointed, furnished no legal reason for denying the warrant, or setting it aside after it had been issued. The fact, however, has been denied. But, even if it had not been, it would be no more than an irregularity in the course of the receiver's management, furnishing no legal excuse for the appellant in his resistance to these proceedings to discover the property of the company, which is all that has been authorized by this statute, (3 Rev. St., 6th Ed., p. 39, §§ 19, 20,) or that this proceeding is intended to accomplish. The objection that the receiver had not paid the costs awarded on another appeal to the appellant has probably been obviated, as the order provided it might be; for it has not been renewed in support of the appeal. Neither has the objection been that the attorney general was not properly apprised by notice of the application, or of the orders which were entered. No sound objection seems to exist as a foundation for the appeals, and the orders should be affirmed, with $10 costs and disbursements. All concur.