. H. A. SPOONER *vs.* BAY ST. LOUIS SYNDICATE and others.

December 7, 1891.

Action against Corporation and Shareholders, for Receiver, etc.—Procedure—Judgment against Shareholder.—In an action brought under Gen. St. 1878, c. 76, by a creditor, in behalf of himself and all other creditors who may become parties thereto, against an insolvent corporation and a stockholder individually, a judgment upon default, if within the allegations and prayer of the complaint, may be rendered in favor of the receiver against the stockholder for a debt due from him to the corporation for an unpaid stock subscription, at least to the amount necessary to satisfy the demands of all creditors who have appeared and proved. their claims against the corporation.

Appeal by Henry C. Davis, a shareholder in the defendant company,. (impleaded with the corporation and its other shareholders,) from a judgment of $3,495.83, rendered against him in the district court.

for Hennepin county, where the action was tried by *Smith, J.* A former appeal (by the corporation) in the action is reported 44 Minn. 401.

*J. F. Fitzpatrick,* for appellant.

*Fred. B. Dodge,* for respondent.

MITCHELL, J. The plaintiff, a judgment creditor of the Bay St. Louis Syndicate, brought this action under Gen. St. 1878, c. 76, against the corporation and several of its stockholders, including the appellant, Davis. He alleged in the complaint that he brought it in his own behalf, and on behalf of all other creditors of the corporation who might exhibit their claims and become parties to the action. The complaint also alleged that the plaintiff had recovered judgment against the corporation for $1,311.30, upon which execution had been issued and returned wholly unsatisfied; that the appellant and the other defendant stockholders were indebted to the corporation for unpaid stock subscriptions in various amounts, the indebtedness of Davis on that account being alleged at $4,500; that the corporation had no other assets with which to satisfy its debts; that the plaintiff had no knowledge or information sufficient to form a belief as to what other indebtedness the corporation owed, or to whom the same was due. The relief prayed for was a sequestration of the assets of the corporation, and especially these claims against the stockholders for unpaid stock subscriptions; that a receiver of the same be appointed; that the court take an account of the property and of the debts due to and from the corporation; that notice be given to creditors to exhibit their claims and become parties to the action; that, if it should' appear upon the accounting that the corporation had no other property out of which to pay its creditors, the court should proceed to ascertain the liability of the respective stockholders on account of unpaid stock subscriptions, and by judgment enforce the same, or so much thereof as necessary to satisfy the indebtedness of the corporation apparent to the court; and that the plaintiff have such other and further relief as to the court might seem proper. The summons in the action was served on the appellant, but he never made any appearance therein. Several creditors other than plaintiff appeared and became parties to the action by exhibit-

ing and proving their claims, amounting in the aggregate to much more than the amount alleged to be due from Davis to the corporation. The court found that the amount due from Davis to the corporation was $3,495.83. This, with the amounts found due from two other stockholders, together with a small amount of other assets which came into the hands of the receiver, the court found would be needed to satisfy the debts proved. As conclusion of law the court directed that these stockholders should pay to the receiver the respective amounts found due from them on stock subscriptions, and that judgment should be rendered in his favor against them for such sums. Judgment was accordingly rendered against appellant for $3,495.83. No notice of any kind was ever given to him except by service of the summons in the action. His contention is that the judgment is unauthorized and void, because in excess of the relief demanded in the complaint. Gen. St. 1878, c. 66, § 267. His position, as we understand it, is that his default at most only authorized judgment against him for the amount of plaintiff's complaint, viz., $1,311.30; that the other creditors were new parties, the presentation of whose claims introduced new issues into the case of which he was entitled to notice; that his default extended only to plaintiff's claim. He likens the claims of the other creditors to cross-complaints setting up matter not alleged or apparent on the face of the original complaint, in which case it is held that a defendant, although he has defaulted as to the original complaint, must be served with process issued on such cross-complaint before any judgment on default can be rendered thereon against him.

We do not think the cases are at all analogous. The presentation of a claim by a creditor in these proceedings is in no sense a cross-complaint. A cross-bill is a suit brought by a defendant against the plaintiff, or against him and a codefendant, to obtain independent relief. This action, as we have frequently held, is in the nature of insolvency proceedings. It is brought in behalf of all the creditors. Its expressed object is to sequestrate all the property of insolvent corporations, to ascertain the amount of corporate indebtedness, and to apply the assets to the payment of the debts as thus ascertained. The demands of other creditors are as much the object of the action

and the subject of the relief prayed for as is the claim of the plaintiff who commences the suit. All these things are fully comprehended in the allegations of the complaint, and clearly within the relief prayed for. The appellant in this case was fully advised, not only by the nature of the action, but also by the allegations and prayer of the complaint, that judgment was asked for against him for such amount, not exceeding $4,500, as would be necessary to satisfy not only plaintiff's claim, but also the claims of any other creditors of the corporation who might come in and exhibit them. The judgment rendered against him, so far from being based upon matters not alleged or apparent on the face of the complaint, was fully supported by its allegations, and clearly within the relief prayed for. Had the relief sought against the appellant been to enforce a liability, not to the corporation, but only to the creditors, there might have been some force to his contention that he should have notice of the presentation of the claim of every creditor who subsequently became a party to the action. But the liability here sought to be enforced was a debt due the corporation itself, which it could have recovered even if there had been no creditors, and for which, as an asset of the corporation, a receiver could have maintained an independent action. At least in such a case, where the complaint in an action under chapter 76 states all the facts constituting the cause of action against the defendant stockholder, we see no reason why judgment may not be rendered against him in that action, instead of putting the receiver to a subsequent action, or why a default by the stockholder does not authorize such a judgment against him, if within the allegations and prayer of the complaint.

Order affirmed.