E. G. COMSTOCK vs. NIELS C. FREDERICKSON.

Submitted on briefs, Oct. 10, 1892. Decided Nov. 28, 1892.

**By Comity between States a Foreign Receiver may Sue Here.**
Where there are no domestic creditors whose rights are to be protected, the courts of the state will recognize a nonresident receiver, and permit him to prosecute an action therein, or move to set aside a judgment fraudulent as to the creditors represented by him, in virtue of the comity existing between the states.

Appeal by E. A. Filkins, receiver of the estate and property of Niels C. Frederickson, from an order of the District Court of Redwood County, *Webber*, J., made January 29, 1892, refusing to vacate and set aside a judgment for $11,645.85 entered against Frederickson.

The defendant Niels C. Frederickson on June 29, 1889, at Milwaukee, Wis., made his promissory note to the plaintiff E. G. Comstock for $11,400, with a warrant of attorney to enter judgment thereon against him in any court of record. Comstock caused judgment to be entered thereon November 15, 1889, in the District Court of Redwood County for the amount, interest and costs. By proceedings in the Superior Court in Cook County, Illinois, E. A. Filkins was on October 30, 1889, duly appointed by that court under the laws of that state, receiver of the estate and property of Frederickson as an insolvent debtor. Frederickson had property, but no creditors in this state. This receiver made application December 29, 1891, for and on behalf of the creditors, to set aside the judgment so entered in this state. Comstock appeared by attorney and opposed the application, and on January 29, 1892, the motion was denied on the ground that the Illinois receiver had, as such, no authority to appear in the courts of this state, or to maintain an action or defense here, or to take possession of the insolvent's property in this state. From the order denying his application, the receiver brought this appeal.

*Munn, Boyesen & Thygeson*, and *John M. Gilman*, for appellant.

Where there are no resident creditors that can be affected, foreign receivers are allowed to bring actions and to appear in proceedings, outside of the jurisdiction wherein they were appointed. 22 Am. Law Register, 289; *Hurd* v. *City of Elizabeth*, 41 N. J. Law, 1; *Bagby* v. *Atlantic, Miss. & O. R. Co.*, 86 Pa. St. 291; *Boulware* v. *Davis*, 90 Ala. 207; *In re Waite*, 99 N. Y. 433; *Metzner* v. *Bauer*, 98 Ind. 425; *Lycoming Fire Ins. Co.* v. *Wright & Son*, 55 Vt. 526; *Bidlack* v. *Mason*, 26 N. J. Eq. 230; *National Trust Co.* v. *Miller*, 33 N. J. Eq. 155; *Henning* v. *Raymond*, 35 Minn. 303.

The authority to confess judgment must be strictly construed, and

in order to support a judgment by confession on a warrant of attorney the provisions of the statute must be strictly and literally complied with. 1878 G. S. ch. 82. *Chapin* v. *Thompson*, 20 Cal. 681; *Keith* v. *Kellogg*, 97 Ill. 147; *Manufacturers', etc., Bank* v. *St. John*, 5 Hill, 497; *Hamilton* v. *Schoenberger*, 47 Iowa, 385.

*H. D. Baldwin* and *M. M. Madigan*, for respondent.

The defendant, as receiver under the laws of another state, cannot appear in place or stead of the original defendant in an action in this state, to set aside a judgment against which the defendant himself does not complain. *McClure* v. *Campbell*, 71 Wis. 350; *Filkins* v. *Nunnemacher*, 81 Wis. 91; *Booth* v. *Clark*, 17 How. 322.

VANDERBURGH, J. An application was made by E. A. Filkins, receiver of the property and estate of the defendant Frederickson, an insolvent, to set aside the judgment entered in this action in the district court of Redwood county. The affidavit upon which the motion is based shows that he was duly appointed such receiver by the superior court of Cook county, in the state of Illinois, and duly qualified as such, and that there are no creditors of the insolvent in this state, but that all the creditors of the defendant are nonresidents. The court dismissed the application on plaintiff's motion without a hearing on the merits, on the ground that the authority of a receiver does not extend beyond the limits of the state in which he is appointed, that he is the mere creature of the court which appoints him, and cannot exercise his powers beyond its jurisdiction. Strictly, the statutory powers of a foreign assignee or receiver cannot *ex proprio vigore* be recognized as having any force or effect here, but, by the comity existing between the states, which is recognized as a part of the common law, effect may be given to titles and powers derived from the laws of another state or country, by the courts of this state, when this can be done without contravening the laws or policy of the state, or interfering with the rights of creditors pursuing their remedies under our laws. *In re Waite*, 99 N. Y. 448, (2 N. E. Rep. 440;) High, Rec. (2d Ed.) § 241; Beach, Rec. § 682; 22 Amer. Law. Reg. 294–298.

This application of the rule is sustained by the later and better decisions, and by sound reason. The narrower view, as applied to foreign executors and administrators, is followed and applied on the ground of *stare decisis.* *Putnam* v. *Pitney,* 45 Minn. 246, (47 N. W. Rep. 790.)

No other points require attention.

Order reversed.

(Opinion published 53 N. W. Rep. 713.)