THEO. BASTING, Receiver, v. WILLIAM S. ANKENY.[1]

February 7, 1896.

Nos. 9596—(139).

**Insolvent Corporation—Powers of Receiver—Unpaid Subscriptions.**

The receiver of an insolvent corporation, appointed in proceedings under G. S. 1894, § 5897, may maintain an independent action to enforce the collection of the amount of a call on unpaid subscriptions made by the board of directors in accordance with the by-laws, and due and payable prior to the commencement of the proceedings which resulted in the appointment of the receiver.

**Appointment of Receiver—Collateral Attack.**

The regularity, propriety, and validity of the appointment of such a receiver can only be questioned in a direct proceeding to test that question.

**Action by Receiver—Equitable Defenses.**

*Held*, that certain alleged equitable defenses set forth in an answer in this action are not available to the defendant, but that his remedy must be enforced in the sequestration proceedings.

[1] Reported in 66 N. W. 266.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., sustaining a demurrer to the answer. Affirmed.

*Harrison & Noyes* and *Geo. T. Halbert*, for appellant.

*Cobb & Wheelwright*, for respondent.

COLLINS, J. This was an action brought by the receiver of a corporation (appointed by virtue of G. S. 1894, § 5897) against a stockholder to recover the amount of a call upon his unpaid subscription for stock shares. The call was in accordance with the by-laws, was by the board of directors, and was made and payable prior to the institution of the proceedings which resulted in the appointment of plaintiff as such receiver. On appeal from an order sustaining a general demurrer to the answer, defendant not only endeavors to uphold the sufficiency of his own pleading, but contends that the complaint itself fails to state facts sufficient to constitute a cause of action.

Although he points out in detail the defects of the complaint, the real position of defendant is that an independent suit of this kind cannot be maintained; that, as plaintiff was appointed receiver under the provisions of said section 5897 (formerly G. S. 1878, c. 76, § 9), the remedies given by sections 5905–5908, inclusive (formerly chapter 76, §§ 17–20), are exclusive, and must govern any proceeding brought to enforce defendant's liability. If it be true that these sections are exclusive, and that no other remedies are available to a receiver in sequestration proceedings, the complaint is noticeably defective, for no attempt was made to bring the action under any of said sections. It is an independent action brought to enforce defendant's liability for the amount due upon the call, precisely as an action would have been brought to enforce the collection of any other indebtedness due to the corporation when plaintiff was appointed receiver; and unless we can distinguish between a debt due to the corporation arising out of a call, and an ordinary debt, the complaint states facts sufficient to constitute a cause of action. We see no ground upon which such a distinction can be based, and nothing has been said in the cases cited by appellant's counsel to justify their position. All are cases where the liability grew out of, and as a necessary result of, the sequestration proceed-

ings. All are cases where the object was to enforce a liability, not to the corporation, but to its creditors; and in none of them has the court been called upon to consider the right of a receiver to maintain an independent action to enforce the collection of a debt due to the corporation which came into his hands with other assets. Such is this case, for the call was an indebtedness due and payable prior to the initiation of the proceedings which resulted in plaintiff's appointment. The liability of the stockholder for an unpaid subscription for shares was a debt due the corporation itself, which it could have recovered even if there had been no creditors, and for which, as an asset of the corporation, a receiver may maintain an independent action. Spooner v. Bay St. L. Syndicate, 47 Minn. 464, 50 N. W. 601. This disposes of the contention that the receiver cannot maintain this action, and that the complaint does not state facts sufficient to constitute a cause of action.

We now come to a consideration of the allegations of the answer as setting up an equitable defense. These are, briefly stated, that there was bad management of the business of the corporation by the board of directors, which caused many losses, especially in the selection of a business manager; that two of the directors, conniving with this incompetent manager, who was also a director, procured the publication of advertisements and notices of and concerning their own business matters in the newspapers published by the corporation, became indebted therefor in a stated amount, which has not been paid, nor has it ever been charged on account to said persons, and that the manager and the board of directors, and also the receiver, this plaintiff, have always refused to demand any accounting or payment therefor; that the directors and a majority of the stockholders fraudulently and collusively sold to another corporation certain of the corporation's assets, essential to a maintenance of its business, for $20,000, which were worth when sold $150,000, thus entailing great loss; that the proceedings leading up to plaintiff's appointment as receiver were collusively and fraudulently instituted by certain of the directors that payment of corporate debts due to them might be obtained; and also that plaintiff has now in his hands corporate property sufficient to pay all corporate debts, except those due to the directors engaged in the conspiracy. It

was also alleged that the call in question was made as a part of the fraud and conspiracy.

It is to be observed that it is nowhere alleged in the answer that other stockholders have refused to pay in response to the call, and the presumption is that all others have paid the assessed percentage. Taking these allegations for all that they are worth, it is obvious that none of them are available as a defense to plaintiff's cause of action as set forth in the complaint. The plaintiff's appointment as receiver cannot be attacked collaterally. The regularity, propriety, and validity of the appointment of such a receiver can only be questioned in a direct proceeding to test that question. Cook, Stock & Stockh. § 863; Wait, Insolv. Corp. § 245; Gluck & B. Rec. § 8.

As to the other allegations constituting, it is claimed, equitable defenses to the debt sued upon, it is sufficient to say that, in so far as they are meritorious, the remedy must be sought, and the relief and redress had, in the sequestration proceedings. The remedy for the wrongs alleged to have been inflicted upon the corporation and its stockholders is not available to defendant as a defense to this suit.

Order affirmed.