R. NELSON STEVENS and Another v. W. A. TILDEN.[1]

June 27, 1913.

Nos. 18,086—(176).

**Complaint by foreign receiver — demurrer.**

 1. Where there was nothing in a complaint by foreign receivers of a foreign corporation to recover a stock subscription, to show, either expressly or by implication, that the appointing court made its adjudication under its general equity powers or without statutory authority, or

1 Reported in 142 N. W. 315.

that it exceeded its jurisdiction, a general demurrer founded upon the existence of such jurisdictional defects was properly overruled.

**Same.**

2. The right of the receivers to sue in this state was properly sustained as against the demurrer, it appearing from the complaint that they were duly authorized by the appointing decree to sue upon claims due the corporation, and there being no showing of the existence of domestic creditors who would be prejudiced by the maintenance of the action.

**Comity.**

3. The rule of comity whereby the receivers were entitled to maintain the action, *held* not affected by the fact that plaintiffs were appointed by a Federal court.

Action in the district court for Ramsey county by the receivers of the Empire Casualty Company, a foreign corporation, to recover $974.79. From an order, Brill, J., overruling his demurrer to the amended complaint, defendant appealed. Affirmed.

*Durment, Moore & Sanborn,* for appellant.
*Orr, Stark & Collett,* for respondent.

PHILIP E. BROWN, J.

Appeal from an order overruling defendant's demurrer to the complaint on the grounds of its failure to state a cause of action and of plaintiff's legal incapacity to sue. The action is for recovery of the balance due on a corporate stock subscription, and, in addition to the usual averments, it is alleged, in effect, that the minority stockholders of the corporation filed a petition and bill in equity in the United States Circuit Court for the Northern District of West Virginia, its home, charging its officers and directors with mismanagement, and praying their enjoinment from disposing of the assets, the appointment of receivers to take possession thereof, and to collect and administer them for the benefit of stockholders and creditors, and for dissolution. It is further alleged that the court duly found the allegations of the bill to be true, justifying the appointment of receivers and issuance of an injunction restraining the corporation from disposing of its assets, and duly appointed plaintiffs permanent receivers, who were "ordered and required, after giving bond to be ap-

proved by the court, to take possession of all the assets and effects"
of the corporation, and to "collect the debts and liabilities that may
be due to it, with full authority in their names as receivers, or in the
name of the corporation, to sue for and recover such debts and liabili-
ties in any court." Due filing and approval of the receivers' bond
was alleged.

1. The claim advanced in support of the general demurrer is that
it appears from the complaint that the corporation was not insolvent
and the proceedings resulting in the appointment of receivers is not
shown to have been for the purpose of protecting creditors, but ap-
pears to have been merely an appeal by minority stockholders to a .
court of equity to exercise its equity powers to dissolve the corpora-
tion and distribute its property. Thus premised, the contention is
that the foreign court's grant of the alleged relief was beyond its equi-
table jurisdiction and general powers, and required statutory author-
ity, which is not alleged and cannot be presumed; furthermore, that
the consent of the corporation thereto would not confer jurisdiction,
nor bind the defendant.

We may concede defendant's right to attack the judgment collater-
ally, which is not free from serious doubt (see Basting v. Ankeny,
64 Minn. 133, 66 N. W. 266; Stone v. Penn Yan, 197 N. Y. 279, 90
N. E. 843, 134 Am. St. 879; 34 Cyc. 164), and that the general
equity powers of the Federal court were insufficient, in the absence of
statute, to warrant the relief granted. Yet the contentions are un-
availing. Said the present Chief Justice, in First Nat. Bank of
Hastings v. Corporation Securities Co. 120 Minn. 105, 107, 139 N.
W. 296:

"The rule guiding the court in the construction of pleadings, when
challenged by demurrer, is well settled. * * * A pleading will
be held sufficient when the necessary allegations may be gathered
from all the averments, although it is deficient in logical order and
technical language. And as against a demurrer it will be construed
to state all facts that can reasonably be implied from the allegations
made. Facts so implied are traversable in the same manner as though
directly stated."

In the same case, on rehearing, the further statement was made:

"The demurrer will be overruled if, on any view of the facts pleaded, a cause of action is stated. The court will not ordinarily go beyond this inquiry, or attempt to pass upon the question whether recovery may or may not be had upon all the different theories to which the facts pleaded may be susceptible. The court limits its inquiry to the question whether, upon any particular theory, a cause of action is stated."

Under this rule we cannot hold, in aid of the demurrer, that the Circuit Court made the adjudication under its general equity powers, or in the absence of statutory authority, for such is neither alleged nor fairly inferable; nor can we presume that the court exceeded its jurisdiction. Moreover, it is difficult to reconcile defendant's insistence with the allegation that plaintiffs "were duly appointed by said court permanent receivers." How can this allegation be true if the court's action was unauthorized?

2. Defendant insists that receivers in equity, who do not succeed to title to the property of the corporation or are not expressly authorized to sue by virtue of some statute of the parent jurisdiction, but whose powers are derived solely from the court appointing them, cannot maintain actions of this character. Under the facts alleged, this court holds otherwise. Henning v. Raymond, 35 Minn. 303, 29 N. W. 132; Comstock v. Frederickson, 51 Minn. 350, 53 N. W. 713; Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, 79 Am. St. 486; the last cited case being particularly in point. The situs of defendant's obligation was in West Virginia, and title passed to the receivers, at least they were trustees of an express trust. The right to sue must rest either with the corporation or the plaintiff, and clearly, under the decree, the former could not maintain this action of its own motion, and the latter can. See Castleman v. Templeman, 87 Md. 546, 40 Atl. 275, 41 L.R.A. 367, 67 Am. St. 363; Stone v. Penn Yan, supra. It has not been the policy of this court to discriminate against nonresidents (Renlund v. Commodore Mining Co. 89 Minn. 41, 47, 93 N. W. 1057, 99 Am. St. 534; Brunette v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 118 Minn. 444, 137 N. W. 172), nor to apply the

strict rule prevailing in some states as to allowing foreign receivers to sue.

Based upon the claim, correctly made, that this doctrine rests upon comity, we are urged to deny the privilege of maintaining this action, because (1) the rule announced is in conflict with the practice in the Federal courts, and (2) because there is no showing of the non-existence of resident creditors who might be prejudiced if plaintiffs were permitted to take steps in our courts, which, if successful, would result in the removal of corporate property out of the state. We think the doctrine of comity relates more to state than to Federal courts. But, be that as it may, we are not concerned with the practice of the latter. The matter of the existence of domestic creditors whose claims might, in the practical application of the rule, warrant the denial of the right to maintain the action, is defensive. If this were not so, the burden would devolve upon plaintiffs to establish such fact, which would often be impossible, now that choses in action are assignable.

Order affirmed.