## J. EMERSON GREENFIELD v. HILL CITY LAND, LOAN & LUMBER COMPANY AND OTHERS.

### EDWIN L. BUCK AND ANOTHER, APPELLANTS.[1]

January 10, 1919.

No. 21,040.

**Corporation — sequestration proceeding — order appointing receiver.**

1. An order appointing a receiver pendente lite in an action brought to sequestrate the property of an insolvent corporation is not void because it does not appear that a summons had been issued or served upon the corporation before the order was made.

**Same — enforcement of constitutional liability — jurisdiction over stockholders.**

2. In such an action the stockholders of the corporation, when made parties defendant, are represented in their corporate capacity by the corporation.

**Same — collateral attack upon appointment of receiver — statute.**

3. The order appointing a receiver in such an action cannot be attacked collaterally. When the receiver files a petition for the assessment of the stockholders as provided by G. S. 1913, § 6645, they cannot resist the making of such assessment on the ground that his appointment was invalid, unless such invalidity appears upon the face of the record. If they desire to question the validity of the appointment, they must do so by a direct proceeding to vacate the order.

**Appointment of receiver — collateral attack on ex parte order.**

4. An ex parte order appointing a receiver made by a court having jurisdiction over the subject matter of an action is within the rule forbidding collateral attacks upon the judgments and orders of such a court.

**Corporation — assessment of stockholders.**

5. A receiver of an insolvent corporation has authority to apply to the

[1]Reported in 170 N. W. 343.

court for an assessment of its stockholders, even though he was only appointed pendente lite and not originally authorized by the order appointing him to begin such a proceeding.

#### Corporation — assessment of stockholders.

6. The return, unsatisfied, of an execution against a corporation is prima facie evidence that it is necessary to enforce the liability of stockholders to its creditors.

#### Same — laches.

7. The doctrine of laches does not apply to statutory proceedings to enforce the liability of stockholders to creditors of a corporation.

Action in the district court for Itasca county to sequestrate the property of defendant corporation and for the appointment of a receiver. Upon filing the complaint and affidavits plaintiff was appointed receiver pendente lite. Subsequently the receiver petitioned the court to enforce the constitutional liability of the stockholders and that the court appoint a time for hearing pursuant to sections 6445, 6446, G. S. 1913. The petition was heard by Stanton, J., who ordered an assessment of two dollars per share. From the order, defendants Edwin L. Buck and R. L. Abrahamson appealed. Affirmed.

*Alfred L. Thwing,* for appellants.

*Taylor, McOuat & Anderson,* for respondent.

LEES, C.

This is an appeal from an order levying an assessment upon the stockholders of the defendant corporation. Plaintiff obtained a judgment against the corporation November 16, 1911. An execution was issued to the sheriff of Aitkin county, wherein its principal place of business was located, and returned unsatisfied. Upon a complaint and supporting affidavits in an action in which the respondent was plaintiff and the corporation and its stockholders were named as defendants, an order was entered June 14, 1912, appointing plaintiff receiver pendente lite "to collect and take possession of all of the property of the said corporation, and hold the same until his successor shall be appointed under the order of the court."

The record returned to this court does not show that a summons was

issued or served upon any of the defendants. In October, 1912, plaintiff, as receiver, obtained possession of the books of the corporation. He took no other steps to collect or take possession of its property until November, 1917, when he filed a petition under G. S. 1913, § 6645, upon which the order levying the assessment was made. Notice of hearing the petition was given by publication as to the nonresident stockholders, and by personal service as to the others. All of the stockholders are nonresidents except Buck and Abrahamson, who alone appeal from the order. The validity of the assessment is attacked upon several grounds.

1. The order appointing the receiver does not recite and the record does not show affirmatively that a summons was issued or served upon any of the defendants. Appellants contend that, therefore, the court had no jurisdiction to make the appointment. Is the order void because the record fails to show, either by way of recital or otherwise, that a summons has been issued and served? The personal presence of stockholders was not essential to the court's jurisdiction. They are so far in privity with the corporation as to be represented by it, and a judgment against it is in effect a judgment against them in their corporate capacity. They are represented by the corporation in the action. Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; Hancock Nat. Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506, 44 L. ed. 619. The contention, therefore, narrows down to this: Must it appear from the record in a case such as this that the court had acquired jurisdiction of the corporation by the service of process upon it before an order appointing a receiver of its property has any validity? Appellant has cited us to no authority which answers the question in the affirmative.

In a suit to dissolve an insolvent corporation and appoint a receiver, it has been held that a summons must be served on the corporation to give the court jurisdiction to authorize the receiver to sell its property, but that a receiver might be appointed to take charge of its assets before the court acquired jurisdiction to adjudicate upon its rights therein. It was said that such appointment was in the nature of an equitable attachment whereby the court acquired the custody of the property. St. Louis & S. Coal & M. Co. v. Sandoval Coal & M. Co. 111 Ill. 32. In Farmers L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349, a receiver was appointed in proceedings to sequestrate the property

of an insolvent corporation. In speaking of the effect of his appointment the court said that the proceedings were in the nature of an attachment or execution on behalf of the creditors; that bankruptcy proceedings, when involuntary, are of a similar nature and have been likened to an equitable attachment in respect to their purpose and effect on the debtor's property, and that a receiver of the insolvent corporation has the same powers and functions as a receiver upon a creditor's bill.

There appears to be warrant for holding that the appointment of plaintiff as receiver was valid even though the defendant corporation had not been served with process when it was made. However it is not necessary to decide that question in order to dispose of the contention that the appointment was void. The order appointing plaintiff receiver is like the judgment of a court having jurisdiction of the subject matter of an action in that it is not subject to collateral attack upon the ground that there was no jurisdiction of the person of the defendant unless want of jurisdiction appears upon the face of the record. Basting v. Ankeny, 64 Minn. 133, 66 N. W. 266; Turrell v. Warren, 25 Minn. 9; McNamara v. Casserly, 61 Minn. 335, 340, 63 N. W. 880; Marin v. Augedahl, 247 U. S. 142, 38 Sup. Ct. 452, 62 L. ed. 1038.

We have examined the record and the stipulation of the parties under which the court settled and allowed the case returned as part of the record. We find that it does not show that a summons was served on the defendant corporation, but there is no presumption that none was issued or served. On the contrary we are bound to presume that the court had jurisdiction to make the order appointing the receiver and that any step necessary to be taken to acquire jurisdiction over the corporation had been taken. The fact that a record does not contain a summons or proof of its service does not in and of itself render void a judgment if one is entered. See Bank of Colfax v. Richardson, 34 Ore. 518, 54 Pac. 359, 75 Am. St. 664.

The order appears to have been made ex parte. Ordinarily an ex parte decision is not res adjudicata. Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635; Major v. Owen, 126 Minn. 1, 147 N. W. 662, Ann. Cas. 1915D, 589. But this does not go to the point that the record does not show that the order was made by a court which was without jurisdiction to make it. Only where it appears that an order is void is a party

relieved from the necessity of moving to set it aside and at liberty to attack it collaterally. Kanne v. Minneapolis & St. Louis Ry. Co. 33 Minn. 419, 23 N. W. 854. The order under consideration here was at most voidable, not void. Haugan v. Netland, 51 Minn. 552, 53 N. W. 873; High, Receivers, § 111.

2. Appellants' next contention is that the receiver had no power under the terms of the order appointing him to file a petition for the assessment of the stockholders. The order does not expressly authorize him to institute proceedings to enforce the liability of the stockholders. The statute (G. S. 1913, § 6645), appears to give any receiver the right to enforce the constitutional liability of stockholders to creditors. In Way v. Barney, 116 Minn. 285, 394, 133 N. W. 801, 38 L.R.A. (N.S.) 648, Ann. Cas. 1913A, 719, this section was construed to give the right to any receiver. The language of the statute and of the court in the case cited is broad enough to include a receiver pendente lite. It must be conceded that the court might have amplified the powers of the receiver by making a new order expressly authorizing him to file a petition for the assessment of the stockholders. We think this in effect was done by the making of the order for the assessment. In re Stonebridge, 13 N. Y. Supp. 770. In Northwestern Nat. Bank of Minneapolis v. Mickelson-Shapiro Co. 134 Minn. 422, 159 N. W. 948, it was contended that a receiver appointed pendente lite could not be authorized to sell the assets of an insolvent corporation, but it was held that, when a court is properly in charge of the assets of a corporation and under the duty to make distribution thereof, it has power to direct a sale of such assets by its receiver pendente lite. 'A receiver is in law the arm of the court. He is in duty bound to execute the court's orders. We see no reason why his power may not be enlarged from time to time through the making of additional orders by the court appointing him. He is not unlike an agent whose authority in the first instance may have been limited to the doing of one specific act, but whose principal may enlarge his authority without limit. Here the court, by the order appealed from, has enlarged plaintiff's original authority so as to confer upon him express power to collect and receive the assessments made upon the stockholders.

3. The fact that it does not appear that the receiver took an oath

and that his bond was signed in his behalf by his attorney does not affect his power to act. For reasons already stated, it is presumed that he has duly qualified in the absence of evidence to the contrary appearing upon the face of the record, and that his bond, having indorsed upon it the approval of the district judge, has been duly executed.

4. We cannot sustain the contention that, because there has been no judicial determination of the corporation's insolvency, the court could not assess the stockholders until it had been made to appear that the corporation had no assets which might be subjected to the payment of its debts. The return, unsatisfied, of the execution issued on plaintiff's judgment, was sufficient to warrant the court in making the assessment. G. S. 1913, § 6634; Klee v. E. H. Steele Co. 60 Minn. 355, 62 N. W. 399.

5. The delay from 1912 to 1917 in beginning proceedings to assess stockholders did not take away the power of the district court to make the assessment. The doctrine of laches does not apply where, as here, the proceedings are purely statutory and the statute of limitations has not extinguished the right to proceed against the stockholders. Shearer v. Christy, 136 Minn. 111, 161 N. W. 498. See also Pulver v. Commercial Security Co. 135 Minn. 286, 160 N. W. 781. Furthermore, about five years have elapsed since the receiver was appointed. It does not appear that as yet any application has been made to set aside the order appointing him. Acquiescence in the validity of the appointment of a receiver has been held to follow upon long continued delay in questioning it in a direct proceeding. Nutter v. Brown, 58 W. Va. 237, 52 S. E. 88, 1 L.R.A.(N.S.) 1083, 6 Ann. Cas. 94.

Finally, the order appealed from does not debar appellants from making any defense personal to themselves in an action brought by the receiver to collect the assessments imposed thereby. Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Finch, Van Slyck & M. v. Vanasek, 132 Minn. 9, 155 N. W. 754. If there are any grounds upon which appellants are entitled to resist payment of the assessment, they may defend in an action brought to collect it, upon such grounds.

Order affirmed.