Edward J. BIFULK and E.J. Bifulk, D.D.S., P.A., Appellants,

v.

Donald A. EVANS and Clark A. Armstead, Respondents.

No. C4–84–477.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Robert J. Tansey, Jr., David E. Oslund, Stacker & Ravich, Minneapolis, for appellants.

Leonard J. Keyes, John B. Van de North, Jr., Briggs & Morgan, St. Paul, for respondents.

Heard, considered and decided POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants sued to recover contribution for ten installment payments (between 1978 and 1980) on a commercial note. Respondents and appellant Edward J. Bifulk were co-makers of the note. The trial court granted summary judgment against appellants, holding that their claim was the same cause of action as one they pursued earlier when recovering contribution for two 1981 installment payments on the same note, and that the earlier recovery absolutely bars the present claim under principles of res judicata.

Appellants appeal from the decision granting respondents' summary judgment. They also appeal denial of their own similar motion for summary judgment, contending defenses of respondents were precluded under principles of collateral estoppel because of a prior determination of their liability for other installments.

We affirm.

## FACTS

The case involves obligations on a $160,000 note to Commercial State Bank executed in 1978 by appellant Edward J. Bifulk and respondents, Donald A. Evans and Clark A. Armstad. The three borrowers had interests in several entities primarily engaged in a submarine sandwich business.

Edward J. Bifulk was the sole stockholder of the other appellant, E.J. Bifulk, D.D.S., P.A. Consistent with Bifulk's wishes, both he and his professional corporation made installment payments on the Commercial State Bank note. Bifulk made three payments in 1978, totaling over $25,000. He made a payment of $10,734.79 in 1981. The corporation made seven payments from 1978 to 1980, totaling over $66,000. The corporation made a 1981 payment of $11,652.64.

This suit was commenced shortly after trial in a suit of Commercial State Bank against all three makers for the unpaid balance due on the note. The jury in that case determined that the three individuals were jointly responsible on the note.

Edward J. Bifulk in the Commercial State Bank suit recovered judgments on cross-claims against Evans and Armstead for $7,462.48 each, an amount which is one-third of the two 1981 payments on the note. E.J. Bifulk, D.D.S., P.A. was not a party in the bank suit but judgment of Edward J. Bifulk was based on his 1981 payment and the separate 1981 payment of the corporation.

## ISSUES

1. Did the trial court err in determining that the doctrine of res judicata barred appellants' claims against respondents?

2. Did the trial court err in determining that appellant E.J. Bifulk, D.D.S., P.A. was in privity with appellant Bifulk for pur-

poses of applying the doctrine of res judicata?

## ANALYSIS

### 1.

■ Once a cause of action has been pursued to judgment, a subsequent suit founded on the same cause of action is barred. *Hauser v. Mealey*, 263 N.W.2d 803 (Minn.1978). In the *Hauser* case the Minnesota Supreme Court said:

It is well established in Minnesota that a party "should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation." *Shimp v. Sederstrom*, 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). To that end, a plaintiff may not split his cause of action and bring successive suits involving the same set of factual circumstances. In *The Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963), we stated:

"'A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.'"

*Id.* at 807.

■ The parties in this case dispute what note payment claims were actually litigated in the Commercial State Bank suit. Respondents argue that Edward J. Bifulk's cross-claims and evidence in that case were designed to obtain contribution on all note installments previously paid by Bifulk and his professional corporation. Appellants deny this, but they admit that Bifulk sought and successfully obtained a judgment for contribution on the two 1981 installment payments.

The *Hauser* case prohibits the splitting of a cause of action by bringing successive suits on the same set of factual circumstances. Appellants elected to cross-claim in the earlier suit for contribution on at least two installment payments, and having done so, they were required to cross-claim there for all contribution obligations that had accrued when the suit was tried.

The principles of merger and bar on a single cause of action apply reasonably to a claim on several installment payments due on a single note. As the trial court stated, citing 50 C.J.S. Judgments § 671:

It is generally incumbent on plaintiff to include in each action every installment which may be due and recoverable at the time of bringing the suit, and a judgment in such an action is a bar to recovery of any such installments ... (footnote omitted).

Appellants contend that each of their note installment payments gave rise to a new, separate contribution obligation, and that these circumstances are distinguishable from cases involving claims of a payee for installment obligations or claims on a contract for reimbursement of the payor. This distinction has no merit. All contribution claims of appellants arose from the same set of factual circumstances and had accrued when recovery was first sought in the earlier suit.

Appellants assert three additional arguments against application of the principles of merger and bar in this case.

### a.

The Minnesota Supreme Court has stated:

The common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions. (citations omitted)

*McMenomy v. Ryden*, 276 Minn. 55, 58, 148 N.W.2d 804 (1967). Appellants maintain the evidence in the Commercial State Bank suit concerned the making of the note and that the evidence here has to do with later events, payments on the note. This argument belies the fact that claims and evidence on two 1981 note payments were included in the earlier suit.

### b.

Appellants argue that the law on permissive cross-claims would not compel their

pleading contribution claims in the bank suit. *Gustafson v. Gustafson*, 178 Minn. 1, 226 N.W. 412 (1929). This may be true. Nonetheless, a permissive cross-claim on the contribution cause was interposed and appellant cannot be allowed to bring successive lawsuits for note payments owing when the original suit was tried.

c.

In August, 1981, Edward J. Bifulk brought an action seeking dissolution and winding up of several of the corporations and a partnership, all of which he believed constituted a joint venture between himself and respondents. Bifulk alleged that he withdrew from the joint venture in December, 1980. Appellants' claim that installment payments made before 1981 on the Commercial State Bank note were among many obligations incurred in furtherance of the joint venture and that contribution claims on those payments could not be interposed so long as a case was pending in which they relied on a claim of a joint venture.[1]

As the trial court observed, this argument may demonstrate tactical problems of appellants but it cannot prevent application of the principles of res judicata. Further, appellants have twice ignored the tactic to withhold contribution claims, once in the cross-claim in the bank suit and once again in commencement of the present action.

2.

Appellants contend that even if Bifulk himself is barred from bringing the present case, Bifulk, P.A. should not be because that entity was not a party to the Commercial State Bank case and was not in privity with Bifulk in that case for res judicata purposes:

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies . . . (citations omitted)

*Veline v. Dahlquist*, 64 Minn. 119, 121, 66 N.W. 141, 142 (1896), *The Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963). The trial court found appellants were in privity based in part on *Greenfield v. Hill City Land, L & L Co.*, 141 Minn. 393, 395, 170 N.W. 343 (1919), and the fact that the professional association could have intervened in the bank case. In *Greenfield*, the Minnesota Supreme Court stated that:

The personal presence of stockholders was not essential to the court's jurisdiction. They are so far in privity with the corporation as to be represented by it, and a judgment against it is in effect a judgment against them in their corporate capacity. They are represented by the corporation in the action.

*Id.*

In *Margo-Kraft Distributors, Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47–48 (1972), the Minnesota Supreme Court stated:

Although there is no precise test of "privity," it is, as stated in Restatement, Judgments, § 83, *Comment a,* "a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties." Those in privity would include, according to the Restatement, "those who control an action although not parties to it * * *; those whose interests are represented by a party to the action * * *; successors in interest to those having derivative claims * * [*]."

Regarding *Greenfield*, appellants argue that the fact a judgment against a corporation may bind shareholders in their corporate capacity does not mean that a judgment against an individual shareholder binds the corporation. This argument seems sensible but is not persuasive on the particular facts of this case. First, Bifulk

<hr>

1. Judgment was entered in the dissolution case in May, 1983. The trial court determined there· was no joint venture and an appeal in the case is pending before the Minnesota Supreme Court.

is sole shareholder of Bifulk, P.A. Second, one of the checks in the bank case was written in the name of Bifulk and the other was written in the name of Bifulk, P.A. Third, an affidavit executed by Bifulk concerning amounts paid on the promissory note states that he caused the P.A. to pay the amounts that that entity paid.

The *Margo-Kraft* standards are very fact bound such that it may be unusual to hold that parties are in privity as a matter of law in the granting of a summary judgment. Still, it is patently true that Bifulk, in the Commercial State Bank case, actively protected his interest in both an individual and corporate capacity as evidenced by the fact that the checks presented were drawn on both himself and the professional corporation.

3.

Because we conclude the trial court correctly applied the law in its summary judgment against appellants, we do not reach the additional issue argued by the parties, the merits of appellants' claim that respondents were estopped to deny contribution because of the judgment against them in the bank suit.

## DECISION

The trial court committed no error in granting respondents summary judgment against Edward J. Bifulk and E.J. Bifulk, D.D.S., P.A.

Affirmed.