Verdell **GULBRANSON**, Appellant,

v.

Keith **GULBRANSON**, Respondent.

No. C1-87-192.

Court of Appeals of Minnesota.

June 30, 1987.

John A. Masog, Park Rapids, for appellant.

Gerald S. Rufer, Fergus Falls, for respondent.

Considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Verdell Gulbranson seeks to recover $6,000 in rents paid to her ex-husband Keith on farmland she received as part of the couple's dissolution. The trial court determined the action was barred by res judicata. We affirm.

## FACTS

As part of the property division in a marriage dissolution, Verdell Gulbranson received the "Branstrom Farm," which was being purchased on a contract for deed. The Gulbransons leased the farm at $6,000 a year. In an amended judgment in June, 1984, the trial court found that Keith Gulbranson made a $12,478.50 payment on the land, which was properly Verdell's responsibility. Keith also received the rent payment, properly due Verdell. The court offset the rent from the contract payment and gave Keith $6,478.50. Verdell then transferred the property back to Keith under a contract for deed and sued to cancel the contract. Keith responded with an action to compel Verdell to accept his payments or to cancel the contract. The parties' actions were settled by stipulation and approved and entered by the court on November 5, 1985.

IT IS * * * STIPULATED that Defendant acknowledges, by her signature hereon, receipt of the 1985 payment in full, as called for in that certain Contract for Deed * * * and it is further stipulated that Defendant, by her signature, withdraws the Cancellation of Contract for Deed as served upon Plaintiff on or about the 15th day of August, 1985.

IT IS FURTHER STIPULATED that Plaintiff acknowledges, by his signature hereon, receipt of the sum of $6,478.50 as paid by Defendant (Plaintiff deducted said amount from the sum due Defendant as called for in said contract for deed) and as set forth in Judge Spooner's Order of June 18, 1984.

The stipulation also stated the cause of action was dismissed "on its merits and with prejudice."

Verdell Gulbranson brought another action in December, 1985, to recover the 1983 rent for the Branstrom farm which she claims was erroneously paid to Keith. The trial court dismissed the claims on the ground of res judicata, finding that the 1983 rent payment should have been raised in the prior suit. The court stated:

It was evident at the hearing on motion for summary judgment held February 25, 1986 in the instant proceeding that the entire thrust of this action is to re-try the two prior actions. It would appear to the Court that at least in the second action * * * when the parties were clearly embroiled in an argument over whether "Keith" had paid "Verdell," whether it be for rentals, interest or whatever, and whether "Verdell" had more money coming from "Keith" that the stipulation of the parties settling on the merits and dismissing with prejudice must be honored here and by all.

## ISSUE

Is Verdell Gulbranson's action for the 1983 rent barred by res judicata?

## ANALYSIS

The October 1985 stipulation only addressed the question of the proper payee of the 1982 rent. Verdell argues that because the 1983 rent was not mentioned a subsequent action is justified.

Res judicata in its general sense encompasses two separate elements, (1) merger or bar, also known as claim preclusion (and res judicata), and (2) collateral estoppel, or issue preclusion. Res judicata prevents the needless reconsideration of matters previously confronted and decided in earlier litigation. *Johansen v. Production Credit Association*, 378 N.W.2d 59, 61 (Minn.Ct.App.1985). "It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Commissioner of Internal Revenue v. Sunnen*, 333

U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

■ Collateral estoppel requires the *issue* in the current action to be the same issue adjudicated in the earlier proceeding and that the party subject to estoppel have had a full opportunity to previously litigate the issue. *Cook v. Connolly,* 366 N.W.2d 287, 290 (Minn.1985). Because the 1982 rent is a separate issue from the 1983 rent, collateral estoppel does not apply.

■ Merger or bar operates when a second action is based on a *cause of action* previously determined in an earlier decision, regardless of the issues raised or litigated in that initial action. *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978). Parties should not have to defend the same action twice. "To that end, a plaintiff may not split his cause of action and bring successive suits involving the same set of factual circumstances." *Id.* at 807. Verdell Gulbranson's filing of a suit for the 1983 rents just after the stipulation/judgment resolved the 1982 rent question constitutes claim-splitting.

> The rule is that a judgment in a particular action is final and conclusive as to all issues and matters therein in litigation, as well as all other issues or matters which could have been litigated as a part and parcel of the controversy in suit.

*Klinkert v. Streissguth,* 155 Minn. 388, 390–91, 193 N.W. 687, 688 (1923); *see United States v. California and Oregon Land Co.,* 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476 (1904) (Holmes, J.) ("[T]he whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim * * * and, *a fortiori,* he cannot divide the grounds of recovery."); *Hauser,* 263 N.W.2d at 806.

■ Keith Gulbranson "should not be twice vexed for the same cause, and * * * it is for the public good that there be an end to litigation." *Shimp v. Sederstrom,* 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). Res judicata as merger or bar forbids a party from withholding a claim from the initial action, where it could be joined and easily adjudicated, in order to retain a cause of action. *See Johansen,* 378 N.W.2d at 61–62; *Bifulk v. Evans,* 353 N.W.2d 258, 260 (Minn.Ct.App.1984).

The decision which resolved the question of the 1982 rent was a stipulation, approved by the court and entered as its judgment, and it is a valid judgment with res judicata effect.

> In the absence of fraud, a valid judgment, decree, * * * or order * * *, entered by agreement or consent, operates as res judicata to the same extent as if it had been rendered after contest and full hearing and is binding and conclusive upon the parties and those in privity with them.

*In re Estate of Bush,* 302 Minn. 188, 206, 224 N.W.2d 489, 500 (1974) (citation omitted), *cert. denied,* 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 768 (1975).

### DECISION

The trial court did not err in holding that Verdell Gulbranson's claim for the 1983 rent is barred due to res judicata.

Affirmed.